Goodbar & Ferriss and Henry T. Ferriss, all of St. Louis, Mo., for plaintiff.

Salkey & Jones, Wilbur B. Jones and Carroll J. Donohue, all of St. Louis, Mo., for defendant.

## JEFFERSON HOTEL CO. v. JEFFERSON STANDARD LIFE INS. CO.

### No. 5726.

District Court, E. D. Missouri, E. D.

Feb. 12, 1948.

HULEN, District Judge.

Plaintiff, as maker, sues to recover from defendant, as payee, an alleged overpayment on a promissory note, which after some adjustments not involved in this case, amounts to $9,265.15. Answer has not been filed. Defendant's motion to dismiss under Federal Rules of Civil Procedure, rule 12(d), 28 U.S.C.A. following section 723c, is before the Court for ruling.

Plaintiff's right to recover turns on the construction of the terms of the note. The instrument contains two paragraphs giving plaintiff a right to anticipate payment or payments on the note on any quarterly interest payment date. One option gives the maker the right to pay up to $200,000 on the principal; the other option the right to pay the remainder of the note. The latter option calls for a 5% (of the unpaid balance of the note) prepayment fee as a condition to its exercise. Plaintiff served notice of its intention to liquidate the note on October 1, 1947, by paying $200,000 under the terms of the first option, free of any prepayment fee, and to pay the remainder of the note plus the 5% prepayment fee. Defendant refused to accept settlement on the tendered basis and demanded 5% on the total amount of payments, which included the $200,000 plaintiff claimed the right to pay without imposition of a 5% fee thereon. Plaintiff made payments as demanded, under an agreement that the right to sue for the 5% paid on the $200,000 payment would not be affected, and it now seeks reimbursement of an amount equal to 5% of the $200,000, less adjustment charges.

On the theory the provisions of the note for payment are not ambiguous and plain-

ly call for payment of 5% prepayment fee on the entire sum paid by the plaintiff on October 1, 1947, defendant seeks a judgment on the merits by its motion to dismiss. In opposition to the motion plaintiff filed an affidavit and, both by oral argument and brief, alleges that upon trial of the case they are prepared to show the defendant prepared the note and its terms are solely the work of defendant, and at the time of its execution defendant construed the terms of the note contrary to the present position of the defendant.

A motion to dismiss under the Federal Rules of Civil Procedure takes the place of the demurrer under the prior practice, with this qualification, since the new rules do not require the complaint to state a cause of action but only a claim, and assign to the pleadings principally the task of giving notice (Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385), a motion to dismiss should not be sustained if it appears there is a possibility the plaintiff can make proof of a cause of action, as claimed in the complaint, if granted the opportunity to try the case on its merits.

We do not rule on the effect on plaintiff's case of the facts recited in the affidavit filed by plaintiff in opposition to the motion to dismiss. We examine the affidavit to determine if there is an issue, not to decide any issue. We have concluded this is not a proper case to dispose of on motion to dismiss but the parties should be given an opportunity to make their record complete in view of the claims of plaintiff that there is an issue of fact on the meaning of the terms of the note. We are further prompted to follow this procedure because in the event of appeal the ruling of the higher court can finally end the litigation. To illustrate, if we were to sustain defendant's motion and on appeal the appellate court should decide such ruling was error, the case must then be sent back to the trial court for a hearing on its merits and the decision of the trial court would again be subject to appeal.

## Order

Defendant's motion to dismiss is overruled.