## BLANE v. LOSH.
### Civ. No. 26996.

United States District Court.
N. D. Ohio, E. D.
April 11, 1950.

Marvin L. Gardner, Theodore R. Spilka, Cleveland, Ohio, for plaintiff.

M. Morgenstern, B. B. Direnfeld, Cleveland Ohio, John D. Pincura, Jr., Lorain, Ohio, for defendant.

JONES, Chief Judge.

This is an action to set aside and recover a preferential transfer.

Defendant has retained two firms of attorneys to represent him in this action. One firm is located in Lorain, the other in Cleveland. For some reason unknown to the Court these two firms of attorneys were unable to contact each other as the final date for filing an answer approached. Each firm, therefore, acted independently of the other. The Lorain firm filed an answer and the Cleveland firm a motion for a more definite statement. The attorneys for the defendant, having now reached agreement, have filed a motion to withdraw the answer and to have the Court proceed with the motion for a more definite statement.

The facts here present a forceful argument for the elimination of Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. Too often such motion is used solely for the purpose of delay, in violation of the mandate found in Rule 1. Its elimination would cause no serious inconvenience to any party. Adequate procedure has been provided

for discovery of necessary information in Rules 26 to 37.

This case is a perfect example of how the motion is continuously misused. If one firm of defendant's attorneys could file an answer in response to the complaint it would seem to follow without fear of contradiction that the other firm of attorneys could do the same. (We must reach this conclusion or decide that the Cleveland attorneys are incapable of practicing before this Court.) The only purpose then, for filing the motion for a definite statement was delay. The Court cannot condone such conduct although it often must do so because of Rule 12(e), but it should not be forced to consider frivolous motions.

It is even more inexcusable for defendant's attorneys, when faced with the insoluble contradiction of a motion for a more definite statement and an answer to the same complaint, to move to withdraw the answer and to have the Court consider the motion for a more definite statement. A moment's consideration of the Court's time on the part of defendant's attorneys should have produced a motion to withdraw the motion for a more definite statement. The Court can only conclude that this motion is also frivolous and was filed only for the purpose of delay.

The motion will be denied.