John J. PUDLIK, on behalf of himself and all other residents of the City of Boulder, Colorado, Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, a public service corporation, City of Boulder, a municipal corporation, Leo C. Riethmayer, Mayor of the City of Boulder, Frank S. Henderson, Ralph C. Horton, John P. Thompson and Joseph F. Nigro, Defendants.

Civ. No. 5927.

United States District Court
District of Colorado.

Oct. 15, 1958.

James H. Snyder, Denver, Colo., for plaintiff.

Lee, Bryans, Kelly & Stansfield and Bryant G. O'Donnell, Denver, Colo., for Public Service Co. of Colorado and Frank S. Henderson.

John R. Mack, and Guy A. Hollenbeck, Boulder, Colo., for City of Boulder and Leo C. Riethmayer, Mayor of City of Boulder.

Duke W. Dunbar, Frank E. Hickey and Henry E. Zarlengo, Denver, Colo., for Ralph C. Horton, John P. Thompson and Joseph F. Nigro.

ARRAJ, District Judge.

This case is before the Court on the following motions of the respective defendants:

Motion of Public Service Company of Colorado to dismiss for failure to state a claim, and

Motion to dismiss by said company for lack of jurisdiction of the subject matter.

Motion of the City of Boulder to dismiss: (1) For failure to state a claim, (2) For lack of jurisdiction of the subject matter, and (3) Failure of plaintiff to seek remedies afforded him under the State Constitution, laws and ordinances.

Motion of defendant Leo C. Riethmayer, Mayor of the City of Boulder, to dismiss: (1) For lack of jurisdiction of the subject matter, (2) Failure of plaintiff to seek remedies afforded him under the State Constitution, laws and ordinances, and (3) For failure to state a claim.

Motions of defendant Frank S. Henderson to dismiss: For failure to state a claim, and for lack of jurisdiction of the subject matter.

Motion of defendants Ralph C. Horton, John P. Thompson and Joseph F. Nigro to dismiss on the grounds: (1) That complaint fails to state a claim against them, (2) That the Court lacks jurisdiction because the amount in actual controversy is less than $3,000.

Supplemental motion of defendant City of Boulder on the ground that the issues between plaintiff and it are now moot, and

Supplemental motion of defendant Riethmayer, Mayor of the City of Boulder, on the ground that issues between plaintiff and him are now moot.

This is a class action by the named plaintiff on behalf of himself and other residents of the City of Boulder against the defendants seeking preliminary and permanent injunction and damages.

Plaintiff alleges that the defendant Henderson is the agent, servant or employe of the Public Service Company of Colorado in charge of its operations in the City of Boulder and that the defendants Ralph C. Horton, John P. Thompson and Joseph F. Nigro are the members of the Public Utilities Commission of the State of Colorado.

The complaint alleges, in substance, that in April of 1949, the City of Boulder granted defendant Public Service Company of Colorado a 20-year franchise contract for the purpose of furnishing gas and gas service, electricity and electric service and transportation and transportation service to the City of Boulder and its residents; and that in August of 1956, pursuant to a later ordinance, the Public Service Company increased the rate of fare for bus transportation service and that in November of 1957, the said company again increased the fare for bus transportation service and varied the operating schedules provided for in the original franchise contract.

The complaint charges no violations of the provisions of the franchise contract relating to the gas and electric services therein provided for.

The complaint also alleges that the defendants Ralph C. Horton, John P. Thompson and Joseph F. Nigro, acting as members of the Public Utilities Commission of the State of Colorado, authorized the excess rates and are now holding hearings on application of defendant utility company for further rate increases and for other variations in the operating schedules. Plaintiff claims that these acts violated the due process and equal protection clauses of the 14th Amendment, impairs the obligation of a contract and violates the Civil Rights Act. He seeks redress in the form of injunction against all of the parties and damages against the defendant Public Service Company of Colorado.

Jurisdiction is claimed by virtue of the provisions of 28 U.S.C.A. § 1343(3), and there appears to be no claim of diversity of citizenship.

The supplemental motions to dismiss of defendants City of Boulder and Leo C. Riethmayer, Mayor of the City of Boulder, set out that the provisions of the ordinance adopted by the City of Boulder in 1957, of which plaintiff complains in his complaint were repealed in May of 1958 and consequently the issues between the parties are moot. It is noted that the complaint in this action was filed January 16, 1958.

Due to the complexity of the issues raised herein, the major issues will first be discussed generally; following this, reference will be made to the specific defendants.

■ The first issue is whether plaintiff has stated a cause of action under Article I, Section 10 of the Constitution. It is clear that a municipal ordinance constitutes state action within this clause. As stated by the Supreme Court in Northern Pacific Railway Company v. State of Minnesota ex rel. City of Duluth, 1908, 208 U.S. 583, 590, 28 S.Ct. 341, 343, 52 L.Ed. 630:

> "It is no longer open to question that municipal legislation passed under supposed legislative authority from the State is within the prohibition of the Federal Constitution and void if it impairs the obligation of contracts. Mercantile Trust & Deposit Company of Baltimore v. City of Columbus, 203 U.S. 311–320, 27 S.Ct. 83, 51 L.Ed. 198, and cases there cited."

See also, Home Telephone & Telegraph Co. v. City of Los Angeles, 1913, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510.

■ It is also generally accepted that a franchise in the form of an ordinance may be a contract, and within the terms of this clause of the Constitution. See City of Cleveland v. Cleveland City Ry. Co., 1904, 194 U.S. 517, 534–536, 24 S.Ct. 756, 48 L.Ed. 1102, where this question was specifically considered and the ordinances there involved were held to be contracts between the city and the company. There are many reported cases involving similar situations to the one at bar, i.e. where municipal ordinances were challenged as impairing the obligation of a contract created by a prior ordinance; and for purposes of stating a cause of action, have been held to be sufficient if plaintiff alleges a contract, and that the obligation of that contract is being impaired by a municipal ordinance. In Northern Pacific Railway Company v. State of Minnesota ex rel. City of Duluth, supra, 208 U.S. at page 590, 28 S.Ct. at page 343, a case arising through the state courts, the Supreme Court stated,

> "If the plaintiff in error set up a claim of contract upon substantial grounds and with allegations showing an impairment of its obligation by state or municipal legislation, a case was presented which might be brought to this court in event such legislation was upheld."

Following these cases, this Court is of the opinion that a cause of action under Article I, Section 10, of the Constitution is stated in plaintiff's complaint. The validity and construction of the franchise ordinance and the matter of whether or not it was impaired are issues going to the merits, which the Court is not called upon to decide in determining the validity of a motion to dismiss; therefore, these questions are reserved for trial on the merits.

■■ Having stated a cause of action, the next issue then is whether this Court has jurisdiction of that cause of action. Plaintiff claims jurisdiction by virtue of 28 U.S.C.A. § 1343(3), which section provides:

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within

the jurisdiction of the United States."

Although the language of this section is extremely broad, it undoubtedly was designed to give the federal courts jurisdiction of those causes of action created by the Civil Rights Act, 42 U.S.C.A. § 1981 et seq., of which this section was originally a part. Hague v. Committee for Industrial Organization, 1939, 307 U.S. 496, 507–514, 59 S.Ct. 954, 83 L.Ed. 1423; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 161, 63 S.Ct. 882, 87 L.Ed. 1324. Consequently, unless plaintiff's cause of action is one created by the Civil Rights Act, this section does not give this Court jurisdiction; and although plaintiff has alleged that he has a cause of action under 42 U.S.C.A. § 1983, the decisions rendered under that section suggest that it was not intended to cover situations such as the one at bar. That section was intended to cover only the rights, privileges and immunities secured by the 14th Amendment to the Constitution, Downie v. Powers, 10 Cir., 1951, 193 F.2d 760. That does not include the right guaranteed by Article I, Section 10, of the Constitution. Therefore, there is no jurisdiction by virtue of 28 U.S.C.A. § 1343 (3).

If jurisdiction exists in this case, then it must exist by virtue of 28 U.S.C.A. § 1331, which, at the time this suit was commenced, gave district courts original jurisdiction in civil actions,

"* * * wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

In the arguments on these motions, and in the briefs submitted by the parties, it appears that the major point of dispute was whether a federal question under the Constitution or laws of the United States was presented in the complaint. Since this is the only jurisdictional section under which that issue can arise, it seems to be conceded by all parties that if jurisdiction exists, it must exist by virtue of this section.

At the outset, we are met with numerous conflicting decisions concerning whether a federal question is stated under Article I, Section 10, of the Constitution. See, for example, cases cited in Notes 101 to 108, 28 U.S.C.A. § 1331. Many of the earlier cases assumed jurisdiction and stated generally that it was sufficient for jurisdictional purposes if plaintiff had, or claimed in good faith to have, a valid contract with the city, which the city was attempting to impair by a subsequent ordinance. City R. Co. v. Citizens' Street R. Co., 1897, 166 U.S. 557, 17 S.Ct. 653, 41 L.Ed. 1114; Portland Ry., Light & Power Co. v. City of Portland, D.C.Or.1914, 210 F. 667; Capital City Gas Co. v. City of Des Moines, C.C.Iowa 1896, 72 F. 818. Later cases, however, appear to have narrowed this statement, following the leading case of Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. In Gully, the state tax collector brought suit against a national banking association that had contracted with a second bank to assume its debts and liabilities and assets. Among those debts thus assumed was money owing the state tax collector under tax assessments. Plaintiff demanded judgment for money owing the state tax collector under tax assessments. Plaintiff demanded judgment for moneys due under the contract. The issue before the Supreme Court was whether a federal question was presented, and the Court considered this problem at length. The Court first stated the general rules that some right or immunity created by the Constitution or laws of the United States must be an essential element of the cause of action, that the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect and defeated if they receive another, that a genuine or present controversy must exist, and that it must be disclosed on the face of the complaint. The Court then noted that earlier cases had

been less exacting in regard to some of these jurisdictional conditions, adding, 299 U.S. at pages 113–114, 57 S.Ct. at page 98:

"Partly under the influence of statutes disclosing a new legislative policy, partly under the influence of more liberal decisions, the probable course of the trial, the real substance of the controversy, has taken on a new significance. 'A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends.' Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205. * * * Today, even more clearly than in the past, 'the federal nature of the right to be established is decisive—not the source of the authority to establish it.'" Citing People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903.

Then in considering the merits of the case there, the Court said,

"The suit is built upon a contract which in point of obligation has its genesis in the law of Mississippi. A covenant for a valuable consideration to pay another's debts is valid and enforceable without reference to a federal law. * * * There is no necessary connection between the enforcement of such a contract according to its terms and the existence of a controversy arising under federal law."

The Court decided that the right to be established here was one created by the state.

The rule of the Gully case, has been repeated many times. In Oldland v. Gray, 10 Cir., 1950, 179 F.2d 408, 412 plaintiff sued to establish a royalty interest in an oil and gas lease, which arose out of a contract. The rights of the parties arose from the 1920 Leasing Act, 30 U.S.C.A. § 181 et seq., a federal statute. The case was removed from state court, and the Court here, in determining whether the Federal District Court had jurisdiction, said,

"But, as we have often said, 'A suit having for its purpose the enforcement of a right which finds its origin in the laws of the United States is not necessarily and for that reason alone one arising under such laws. * * * A right or immunity created by the laws of the United States must be an essential element of the plaintiff's cause of action, and the right or immunity must be such that it will be supported if one construction or effect is given to the laws of the United States and will be defeated if another construction or effect is given.' (citing cases) Federal law did not create this asserted cause of action, nor is it an essential element thereof in the sense that the cause of action will be sustained if federal law is given one construction or effect, and defeated if given another. The asserted rights of the parties arise out of a private contract, and they must stand or fall upon its construction or effect."

See also, Porter v. Bennison, 10 Cir., 1950, 180 F.2d 523; State of Colorado ex rel. Land Acquisition Commission v. American Machine & Foundry Co., D.C. Colo.1956, 143 F.Supp. 703.

Turning then to the case at bar. The rights of the parties here appear to depend on the construction and effect to be given to the original franchise ordinance and the clause therein concerning the reserved power to adopt further ordinances, and whether the subsequent ordinance and actions of the Public Utilities Commission impaired the obligation therein created. It has been held repeatedly that while state constructions are persuasive, the federal courts have the right to de-

termine for themselves the nature and extent of the contract, the extent of the obligations therein created, and whether those obligations have been impaired by the state action. Atlantic Coast Line R. Co. v. Phillips, 1947, 332 U.S. 168, 67 S. Ct. 1584, 91 L.Ed. 1977; Georgia Railway & Power Co. v. City of Decatur, 1923, 262 U.S. 432, 43 S.Ct. 613, 67 L.Ed. 1065; Larson v. State of South Dakota, 1929, 278 U.S. 429, 49 S.Ct. 196, 73 L.Ed. 441; Rowekamp v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 1934, 72 F.2d 852. See also cases collected at Note 9 to U.S.C.A.Const. Art. 1, Sec. 10, Cl. 1 (Impairment of Contracts). Since these are proper questions for a federal court to decide independently of state law, and since the right which plaintiff asserts is a federal right given him by the Constitution, it is the opinion of this Court that a proper federal question is present and that this Court is given jurisdiction by this section.

However, this jurisdiction appears to be limited in certain instances by 28 U.S. C.A. § 1342, which provides that,

> "The district courts shall not enjoin, suspend or restrain the operation of, or compliance with any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
>
> "(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
>
> "(2) The order does not interfere with interstate commerce; and,
>
> "(3) The order has been made after reasonable notice and hearing; and,
>
> "(4) A plain, speedy and efficient remedy may be had in the courts of such State."

In City and County of Denver v. Denver Tramway Corp., 10 Cir., 1951, 187 F.2d 410, the Court had occasion to refer to this statute in connection with an action to extend injunctive relief previously granted which restrained enforcement by the city of ordinances setting maximum rates chargeable by the Tramway Corp. The Court merely noted that the above statute became effective September 1, 1948, which was after the date of the final decree, and did not require the vacation of the final decree, apparently assuming that otherwise, the statute would have been applicable to street railway rates and prevented the injunction.

In General Investment & Service Corp. v. Wichita Water Co., 10 Cir., 1956, 236 F.2d 464 a customer brought suit against a water company for itself and all other customers similarly situated, alleging that a surcharge which the company was collecting was null and void and that the ordinance providing for it was illegal. Plaintiff sought to enjoin the water company from collecting the surcharge. The case was remanded for dismissal on jurisdictional grounds, without considering the merits, because of Sec. 1342. The Court at page 466 said,

> "While the Act strikes at a rate order made by a State administrative agency or a rate-making body, it applies with equal force to rates fixed by city ordinances. No distinction may be drawn between city ordinances and agency orders. Neither does the ordinance interfere with interstate commerce. It affects only intrastate transportation. Appellants also have available an adequate remedy in the state courts. (Citing the Kansas Declaratory Judgment Act.)"

Considering whether notice and hearing had been given to plaintiffs, the Court said,

> "While the record is silent, we think it must be conceded that the only notice General (plaintiff) perhaps had of the ordinance was that which flowed from its publication. But we do not, however, think this prevents the application of Section 1342."

The Court then reasoned that notice was only necessary to give an opportunity for a hearing; that where there is no issue of fact, as where the validity of the ordinance itself is being attacked, there is no necessity for a hearing, and consequently the trial court was without jurisdiction even if no notice had been given or hearing had.

■ From these two cases, then, it seems clear that Sec. 1342 of Title 28 U.S.C.A. applies to municipal ordinances involving city bus rates, and, more important, that it is jurisdictional, operating to deprive federal courts of jurisdiction to consider on the merits a suit to enjoin bus rates on the ground that the ordinance authorizing them is unconstitutional.

In the instant case, jurisdiction is based on the repugnance of an ordinance to Article I, Section 10 of the Constitution, and the ordinance is purely local in effect and does not interfere with interstate commerce. Under the authority of General Investment & Service Corp. v. Wichita Water Co., supra, whether notice had been given and hearing had need not be considered, since the validity of the ordinance itself is being attacked; and, in view of the Colorado Declaratory Judgment Act, C.R.S. Sec. 77–11–1 et seq., and the availability of injunction proceedings, there appears to be adequate relief in the state courts. Therefore, it must be concluded that this Court has no jurisdiction of so much of plaintiff's cause of action as seeks injunctive relief concerning bus fares in the City of Boulder.

Stripped of this portion of the cause of action, there remains plaintiff's claim for damages, and of this portion of the complaint, this Court has jurisdiction under 28 U.S.C.A. § 1331. There also re-

mains plaintiff's claim for injunctive relief against some of the defendants concerning the alleged changing of operating schedules.

■ Now, to consider defendants City of Boulder and Riethmayer's motions to dismiss because the issues are moot. These are predicated on a further ordinance of the City of Boulder, attached to the motions which defendants claim restores the provisions of the original franchise ordinance by repealing the subsequent ordinances of which plaintiff complains. Under the rule that, on a motion to dismiss, matters outside the complaint will be considered only for purposes of determining whether there is an issue of fact and not for purposes of deciding an issue of fact, this Court determines only that an issue of fact exists on this point. Farrall v. District of Columbia Amateur Athletic Union, 1946, 80 U.S.App.D.C. 396, 153 F.2d 647; Jefferson Hotel Co. v. Jefferson Standard Life Ins. Co., D.C.Mo.1948, 7 F.R.D. 722; 1 Barron and Holtzoff, Fed. Practice and Procedure 604.

In conformance with the views expressed above, the Court makes the following determination of the respective motions:

The motion to dismiss of defendants Ralph C. Horton, John P. Thompson and Joseph F. Nigro is granted.

The motions of the Public Service Company of Colorado, Frank S. Henderson, the City of Boulder, and Leo C. Riethmayer to dismiss for lack of jurisdiction are granted as to so much of plaintiff's complaint as seeks an injunction concerning the alleged increase in bus fares. All other motions of respective defendants are denied.

Appropriate orders will be prepared and submitted by the Clerk.