Theobald J. CANUEL et al., Plaintiffs,
v.
Gregory OSKOIAN et al., Defendants.
Civ. A. No. 2361.

United States District Court
D. Rhode Island.
Feb. 3, 1959.

See also, 264 F.2d 591.

Milton Stanzler, Julius C. Michaelson, Providence, R. I., for plaintiffs.

William J. Sheehan, Isadore Kirshenbaum, Jacob S. Temkin, Providence, R. I., for defendants.

DAY, District Judge.

This is a class action brought by the named plaintiffs on behalf of themselves and others similarly situated against the named defendants as representatives of the Bakery and Confectionery Workers International Union of America, an unincorporated labor organization (hereinafter called "the International"). The complaint seeks recovery of money damages as compensation for injuries allegedly sustained by the members of the plaintiff class, as a result of an unlawful conspiracy in which the International is averred to have participated, and of the malicious interference by the International with the employment and related rights of the members of the plaintiff class. Jurisdiction is founded on di-

versity of citizenship and the existence of a controversy in the required amount, 28 U.S.C.A. § 1332.

The case is presently before me upon divers motions filed by the defendants, viz.: (1) motions to dismiss; (2) motions for a change of venue; (3) motions to strike the plaintiffs' demand for a trial by jury; and (4) motions for a more definite statement. All of these motions are opposed by the plaintiffs and extensive memoranda of legal authorities have been filed by the parties in support of their respective contentions.

The first count of the complaint alleges that the plaintiffs and all the members of the class which they claim to represent are former members of the now defunct Independent Bakery Workers Union (hereinafter called "the Independent"); that said class numbers approximately 220 members; that it is impracticable to bring them all before this Court; that the present plaintiffs insure a fair representation of said class; that the rights sought to be enforced for the class are several; that there are common questions of law or fact affecting the several rights; and that common relief is sought. This count further alleges that the named defendants are all members of the International; that, in particular, the defendant Oskoian is an "International representative", so-called, of the International, and that the defendants Kavanaugh and Boudreau are officers of Local 184 of the International and that these three defendants are agents of the International; that the International has upwards of 50,000 members, all of whom cannot practicably be brought before this Court; and that the named defendants will fairly insure the adequate representation of the International in this action.

This count further alleges that on November 28, 1956, pursuant to an election conducted by the National Labor Relations Board, the Independent was selected as the collective bargaining agent for the production and maintenance employees of the Great Atlantic & Pacific Tea Company (hereinafter called "the A. & P.") at its bakery in Cranston, Rhode Island; that on December 6, 1956, the Independent was duly certified by the said Board; and that thereafter the International interfered maliciously and illegally with the employment contract and rights of the plaintiffs with said A. & P., as a result of which the plaintiffs lost their employment with said A. & P. and suffered loss of wages and other damages.

The remaining three counts of the plaintiffs' complaint allege that the International conspired with said A. & P. and others to interfere with the employment contract and rights of the plaintiffs; that the International wrongfully, intentionally and maliciously induced and persuaded the A. & P. to break and sever the employment of each of the plaintiffs; and that the International conspired with said A. & P. and others so that the A. & P. would be induced and persuaded to break and sever the employment of each of the plaintiffs, as a result of which the plaintiffs lost their employment with said A. & P. and suffered loss of wages and other damages.

### Motions to Dismiss

■ In their respective motions to dismiss, the defendants allege various grounds in support of their contention that the instant complaint cannot be allowed to stand. The first of these grounds to be considered by me is that the named plaintiffs do not represent a class, all members of which have common questions of law and fact involved in the subject matter of this litigation. This contention is without merit. The allegations of the complaint clearly indicate that the action is brought under the provisions of Rule 23(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In this type of action, a "spurious" class action, so-called, the requirements of said Rule 23(a) (3) are met if the character of the right to be enforced for the class

is "several, and there is a common question of law or fact affecting the several rights and a common relief is sought". Thus it is beyond dispute that "the spurious class suit is a permissive joinder device", 3 Moore, Federal Practice, 3rd ed. § 23.10, and no more.

██ Here the complaint, affidavits, depositions and counteraffidavits filed by the parties raise substantial issues of fact and law both as to the conduct and activities of the International and as to the legal consequences thereof. These questions are common to all the plaintiffs. Common relief is sought. Although the quantum of relief sought by each plaintiff is not identical, differences in the measure of damages are not inconsistent with the requirement of common relief under Rule 23(a) (3). Kainz v. Anheuser-Busch, Inc., 7 Cir., 1952, 194 F.2d 737; Oppenheimer v. F. J. Young & Co., Inc., 2 Cir., 1944, 144 F.2d 387. No more is required in a class suit maintainable under said Rule 23(a) (3). The principle is well stated in Kainz v. Anheuser-Busch, Inc., supra, 194 F.2d at page 742:

> " * * * where the tort complained of by each plaintiff is the same and is claimed to have damaged each of the plaintiffs in the same manner, plaintiffs may join under Rule 20(a) or maintain the suit as a spurious class suit under Rule 23(a) (3), though the judgments are several and no one is bound unless he is present. * * * "

Since the rights of non-appearing members of the plaintiff class cannot be adjudicated herein, I am of the opinion that the named plaintiffs adequately represent the plaintiff class and can be expected to prosecute vigorously the claims asserted in the complaint. See California Apparel Creators v. Wieder of California, Inc., 2 Cir., 1947, 162 F.2d 893, 174 A.L. R. 481.

A second ground of defendants' motion to dismiss is that the service of process upon the named defendants is insufficient to confer jurisdiction upon this Court over the defendant International. In support of this ground of their motion to dismiss, defendants rely upon the provisions of General Laws of Rhode Island 1956, § 9-2-12. Its provisions are as follows:

> "9-2-12. *Actions against unincorporated associations*—Any action or other proceeding at law may be maintained to recover any property, or upon any cause of action for or upon which the plaintiff may maintain such an action or proceeding at law against all the associates, by reason of their interest or ownership, or claim of ownership therein, against the president and secretary of such association, or the officers or members exercising substantially the duties, respectively, of president and secretary, or if there be no such officer, or officers or members exercising such duties, or either of them, then against any other two (2) officers of such association, or if there be but one (1) officer, then against such single officer, or if there be no officer known to the plaintiff, then against any member of such association, describing such officer or officers, member or members, as the representative or representatives of such association."

██ This being an action wherein jurisdiction is based upon diversity of citizenship and the existence of a controversy in the required amount, the substantive law of Rhode Island applies. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 68, 58 S.Ct. 817, 82 L.Ed. 1188. Hence it becomes necessary to draw that often elusive line between what is "substantive" and what is "procedural". It is clear that the above quoted statute does employ the doctrine of virtual representation in actions against unincorporated associations.

 In my opinion the requirement under the Rhode Island statute that service of process in actions against unincorporated associations shall be made upon certain designated officers or members of such an association is not within the mandate of Erie R. Co. v. Tompkins, supra. Clearly, the provisions of that statute are designed to give due notice of the institution of an action against such an association, and to insure its adequate representation in such action so as to safeguard the property rights of the association, and as such are procedural only. Similarly, Rule 23, F.R.C.P. makes provisions for due notice and adequate representation in class actions in the Federal Courts by imposing upon the judges thereof the burden of determining the adequacy of the representation of the class before a Federal Court in any class action. In my judgment its provisions are procedural and should be given effect. Cf. D'Onofrio Construction Co. v. Recon Co. 1 Cir., 1958, 255 F.2d 904; Cross v. Oneida Paper Products Co., D.C.N.J. 1954, 117 F.Supp. 919.

 The weight of authority is clearly contrary to the contention of the defendants that Rule 17(b), F.R.C.P. limits Rule 23. See Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 1945, 148 F.2d 403. Rule 23(a) is unequivocal in its terms. Service of process upon the named defendants is sufficient to confer jurisdiction over the defendant International if their presence will fairly assure the adequate representation of the members of the defendant International.

In lengthy affidavits filed in support of their motions to dismiss, the defendants Kavanaugh and Boudreau deny that they are "agents" of the defendant International; the defendant Oskoian denies that he is or has been an "International representative"; and the remaining defendants deny membership in the International. The allegations of the complaint are directly in conflict with the statements in these affidavits. In addition, the plaintiffs have filed depositions and counter-affidavits which support the allegations of their complaint with respect to the standing of the named defendants adequately to represent said International. The rule as to the effect to be given to an affidavit filed in support of a motion to dismiss a complaint is well stated in Farrall v. District of Columbia Amateur Athletic Union, 1946, 80 U.S. App.D.C. 396, 153 F.2d 647, at page 648, in the following manner:

"Appellees next contend that the complaint, when read in conjunction with the motion to dismiss and the affidavit in support thereof, states no claim against defendants upon which relief can be granted. Appellees rely upon assertions of fact in the affidavit. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, makes clear the purpose for which affidavits in support of a motion for summary judgment may be used and, likewise, the extent of their effect. The judgment sought is to be rendered if the pleadings and the affidavits taken together show that (except as to the amount of damages) there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. An affidavit filed in support of a motion to dismiss has no greater purpose or effect. Such an affidavit cannot be treated, for purposes of the motion, as proof contradictory to well pleaded facts in the complaint. There is a great difference between discovering whether there be an issue of fact and deciding such an issue. The affidavit can be used for the former purpose but not for the latter. Thus, if a fact be averred in the complaint and contradicted in the affidavit, the latter version cannot be accepted by the court for the purposes of a motion to dismiss."

Cases to the same effect are legion. See, e. g., Slagle v. United States, 5 Cir., 1956, 228 F.2d 673; Jefferson Hotel Co. v. Jefferson Standard Life Ins. Co., D.C.Mo. 1498, 7 F.R.D. 722; United States v. Association of American Railroads, D.C. Neb.1945, 4 F.R.D. 510; cf. Massaro v. Fisk Rubber Corp., D.C.Mass.1941, 36 F.Supp. 382. And the rule is the same with respect to the use of a deposition in support of a motion to dismiss. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464.

In passing upon a motion to dismiss, I must accept as true the particular allegations of fact made by the plaintiffs in their complaint and in the supporting documents. Snower & Co. v. United States, 7 Cir., 1944, 140 F.2d 367. The question then becomes—will the named defendants adequately represent the International? The answer, in my opinion, must be in the affirmative. Under the Constitution of the International, a copy of which is annexed to the affidavit of the defendants Kavanaugh and Boureau, an "International representative" has broad supervisory powers and is directly answerable to the President of the International. And officers of local unions do in some respects have authority sufficient to deem them to be agents of the International as the plaintiffs allege here. See Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, supra. Mere numerical proportions are of minor weight. Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84. The quality of the representation is the controlling consideration and that quality must be determined in the particular setting of the action wherein it is brought into issue. See, e. g., Giordano v. Radio Corporation of America, 3 Cir., 1950, 183 F.2d 558.

In the case at bar the facts alleged in the plaintiffs' complaint and in said counter-affidavits and depositions satisfy me that the named defendants will insure adequate representation of the defendant International.

As an additional ground of their motions to dismiss, the named defendants contend that the causes of action embraced by the complaint are not susceptible of maintenance as a class action. The authorities cited by defendants point up the problems of proof which confront the plaintiffs in bringing an action *ex delicto* against a class. Despite these difficulties, I am satisfied it will be legally possible to adjudicate whether the acts complained of were in reality the acts of the defendant International, whether they were tortious under all the circumstances, and what damages, if any, were sustained by the plaintiffs as a result thereof. This holding finds support in the decisions of other courts. In Montgomery Ward & Co. v. Langer, 8 Cir., 1948, 168 F.2d 182, the plaintiff brought an action for libel against a labor union in the form of a class action. In reversing a dismissal of the action by the lower court, the Court of Appeals held that a class action was maintainable for the grievances complained of, and said at page 188:

"* * * No implications as to what the substantive law applicable to this case may be, are to be drawn from anything said in this opinion with respect to the procedural and jurisdictional problem presented by this appeal. Whether the plaintiff can produce the evidence which is necessary to establish, under Missouri law, the individual or collective liability of the members of the unions which is asserted in the complaint, is a question with which we cannot presently concern ourselves. See Sparks v. England, 8 Cir., 113 F.2d 579, 581; Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 657. This Court has said that no matter how improbable it is that a plaintiff can prove the claim stated in his complaint, he is entitled to an opportunity to make the attempt. * * *"

To the same effect is White v. Quisenberry, D.C.Mo.1953, 14 F.R.D. 348, where the District Court entertained an action *ex delicto* for assault and battery which was brought in the form of a class action against an unincorporated labor association. See also Syres v. Oil Workers International Union, Local 23, 5 Cir., 1958, 257 F.2d 479.

As a final ground of these motions the named defendants allege that on September 17, 1957, the Independent, with the knowledge and consent of the named plaintiffs, entered into a settlement agreement with the A. & P., which agreement was subsequently approved by the N. L. R. B.; and that said settlement agreement was intended to and did settle all of the disputes between the parties hereto. Considering all of the uncontroverted facts presently before this Court, it cannot be said as a matter of law that said settlement agreement is a complete bar to the instant action. The International was not a party to said agreement; nor were the plaintiffs in their individual capacities. The issues of the intention of the parties to said settlement agreement and of its effect on this litigation can only be determined after a trial of this action on the merits. Cf. Ligero v. Martins, 1933, 53 R.I. 514, 167 A. 112; Michael Rose Productions, Inc. v. Loew's Incorporated, D.C.N.Y.1956, 141 F.Supp. 257.

### Motions for Change of Venue

Some of the defendants have also moved for a change of venue. The grounds urged in support of this motion are (1) publicity in the daily newspapers relative to the matters involved in this action and (2) public hearings relative to those matters and allied matters in the State Legislature and in the Superior Court of the State of Rhode Island. These defendants contend that said publicity and public hearings will result in prejudice against them on the part of any prospective jurors in the trial of this action. In support of their motion

affidavits have been filed, and attached thereto are copies of articles which appeared in the local newspapers in the early part of 1957, and a copy of the report of a Special Committee of the Rhode Island House of Representatives, dated April 24, 1957.

There can be no doubt as to the existence of the authority of this Court to order a change of venue on the grounds of local passion and prejudice if such local passion and prejudice do in fact exist. Kennon v. Gilmer, 1899, 131 U.S. 22, 9 S.Ct. 696, 33 L.Ed. 110. And venue of this action could be laid, as the movants suggest, in the District of Columbia. It must be remembered that today's headlines are soon forgotten in the absence of some quite unusual circumstances. While it must be conceded that the matters herein involved were very much in the public eye some twenty-odd months ago, there has been no showing of any local sentiment at the present time that would preclude the defendants from having a fair and impartial trial. In the absence of such a showing, the motion for a change of venue must be and hereby is denied.

### Motions to Strike Plaintiffs' Demand for Jury Trial

Defendants contend that class actions are equitable by nature and tradition, and that the plaintiffs are not entitled to a trial by jury under the Constitution or statutes of the United States.

The complaint in the instant action sounds in tort and the only relief sought is an award of damages. Although there is some authority to the effect that the evolution of said Rule 23 out of the old equity jurisprudence precludes any right to trial by jury, see, e. g., Farmers Cooperative Oil Co. v. Socony-Vacuum Oil Co., D.C.Iowa 1942, 43 F.Supp. 735, reversed on other grounds 8 Cir., 1942, 133 F.2d 101, the better view would seem to be that the right to trial by jury depends upon the nature of

the issues involved·in a particular class action. See 3 Moore, Federal Practice, § 23.02, n. 17; Notes of the Supreme Court Advisory Committee on Rules, 5 F.R.Serv. 382. See also Syres ·v. Oil Workers International Union, Local 23, supra; Neiman-Marcus v. Lait, D.C.N.Y. 1952, 13 F.R.D. 311.

Effective judicial administration dictates an acceptance of the principle set forth in Montgomery Ward & Co. v. Langer, supra, 168 F.2d at page 187:

" * * * The class action was an invention of equity (Hansberry v. Lee, 311 U.S. 32, 41, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741), mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs. See United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 387–389, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762. By Rule 23 the Supreme Court has extended the use of the class action device to the entire field of federal civil litigation by making it applicable to all civil actions. The usefulness of the device in its new environment will depend largely upon the attitude of the courts. If the device is to be loaded down with arbitrary and technical restrictions, it will serve no very useful purpose in the enlarged field. If, on the other hand, the courts will disregard the ancient and often arbitrary distinction between actions at law and suits in equity and will permit the Rule to operate in all cases to which it justly and soundly may be applied, it will serve its intended purpose. Like most procedural devices, its usefulness is susceptible to being nibbled away by those who regard it as an unwelcome stranger in an unsuitable environment. * * * * "

The plaintiffs having made timely demand for trial by jury, the defendants' motions to strike said demand is denied.

### Motions for More Definite Statement

Defendants have also moved for a more definite statement under Rule 12 (e) contending that the complaint is deficient in particularity in several respects. A motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer. Blane v. Losh, D.C. Ohio 1950, 10 F.R.D. 273; Paramount Film Distributing Corp. v. Ram, D.C.S.C. 1950, 91 F.Supp. 778; Liberty Products Corporation v. H. K. Ferguson Co., D.C. N.Y.1950, 88 F.Supp. 445.

It cannot be said that the complaint is so vague or uncertain as to preclude the filing of a responsive pleading thereto. A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial discovery proceedings. The motions for a more definite statement are denied.

In conclusion, the defendants' motions to dismiss, for a change of venue, to strike plaintiffs' demand for a jury trial and for a more definite statement are denied.