Beatrice JONES et al., Plaintiffs,

v.

Henry ORENSTEIN et al., Defendants.

No. 71 Civ. 5576.

United States District Court,
S. D. New York.

Jan. 14, 1977.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiffs; Allan K. Peckel, New York City, of counsel.

Davis Polk & Wardwell, New York City, for defendant Arthur Young & Co.; Daniel F. Kolb, Nicholas R. Weiskopf, New York City, of counsel.

Keane & Butler, New York City, for individual defendants; Raymond L. Fitzgerald, New York City, of counsel.

Willkie Farr & Gallagher, New York City, for Hayden Stone defendants; Louis A. Craco, Stephen W. Greiner, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

This is a class action brought on behalf of shareholders of Topper Corporation alleging that the defendants gave false and misleading information and concealed information, which should have been disclosed, regarding the financial condition, sales, and earnings of the Topper Corporation in violation of Sections 11 and 17 of the Securities Act of 1933 (15 U.S.C. §§ 77k and 77q) and Section 10(b) and Rule 10b–5 promulgated thereunder of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) and 17 C.F.R. 240.10b–5). The defendants include the Topper Corporation, the successor corporation to DeLuxe Reading Corporation, a subsidiary of Philadelphia and Reading Corporation; its officers and inside directors; its outside directors; its accountants; its underwriters; and selling shareholders under a prospectus dated April 29, 1971. The members of the class are persons who purchased Topper common stock pursuant to a public offering made under a Registration Statement and Prospectus which became effective on April 29, 1971 and who allegedly suffered damages thereby, or who purchased Topper common stock in the market between April 29, 1971 and December 20, 1971 and allegedly suffered damage. The Topper Corporation was adjudicated a bankrupt on May 7, 1973 and is in the process of liquidation.*

A pre-trial order covering the issues of liability under the Section 11 and Section 10(b) claims was filed with the Court on October 1, 1976. Defendant Arthur Young & Company ("Arthur Young") now moves for an order quashing plaintiffs' jury demand or, if this case is to be tried to a jury, for an order directing that liability and damages be tried in one continuous proceeding.

### The Instant Application

There appears to be little doubt that this is a complex litigation. According to the pre-trial order, detailed questions concerning auditing, accounting, brokerage and underwriting procedures will be presented to the trier of fact. Arthur Young contends that the case may require weeks or even months of trial time because of the large number of witnesses that the parties intend to call and the hundreds of documents already marked as exhibits. Arthur Young contends that at least 30 different accounting, auditing and other financial concepts must be understood and resolved by the trier of fact and that it will be necessary to determine (1) whether Arthur Young performed its audit work in a manner consistent with generally accepted auditing procedures; (2) whether the principal underwriter and the subunderwriters exercised due diligence with respect to the marketing of Topper common shares; and (3) whether the directors exercised due diligence in the performance of their work.

While the plaintiffs have requested that the trial be divided into two or more parts to make the presentation of the evidence more manageable, Arthur Young contends that any division would be prejudicial to it in the presentation of its defense.

### Discussion

Rule 38(a) of the Federal Rules of Civil Procedure provides:

"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

---

* The plaintiffs were served with an order from the Referee in Bankruptcy dated September 19, 1973 staying actions against the Topper Corporation.

■ Here there appears to be no real dispute that the plaintiffs are entitled to a trial by jury. It is settled in the federal courts that "class action plaintiffs may obtain a jury trial on any legal issues they present." *Ross v. Bernhard*, 396 U.S. 531, 541, 90 S.Ct. 733, 739, 24 L.Ed.2d 729 (1970) *citing Montgomery Ward & Co. v. Langer*, 168 F.2d 182 (C.A. 8th Cir. 1948); *see Oskoian v. Canuel*, 269 F.2d 311 (C.A. 1st Cir. 1959), *aff'g* 23 F.R.D. 307; *Syres v. Oil Workers Int'l Union, Local 23*, 257 F.2d 479 (C.A. 5th Cir. 1958). Indeed, the Second Circuit in *Cohen v. Franchard Corporation*, 478 F.2d 115 (2d Cir.), *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 106 (1973), while expressing disapproval of counsel's decision to demand a jury trial in a class action involving the antifraud provisions of the federal securities laws, nevertheless, recognized that plaintiffs, as representatives of a class, were entitled to a trial by jury on their securities claims. Thus, the real issue presented by Arthur Young's motion is whether the Court, in its discretion, should quash plaintiffs' jury demand on the basis of limitations on a jury's capabilities and practical abilities. *Ross v. Bernhard*, *supra* at 396 U.S. 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729.

Here, Arthur Young contends that a jury would be incapable of grasping the issues posed in this type of securities case and that an injustice would be worked if a commercial case of this magnitude were allowed to go to trial before a jury. *See In Re Boise Cascade Securities Litigation.* (W.D.Wash., August 12, 1976) (unreported decision).

*Boise Cascade* involved a complex securities fraud litigation involving assets of over one billion dollars, financials covering a 5-year period, over 50,000 lawyer man-hours in pretrial preparation, and more than 900,000 documents. In that case the Court, while recognizing that jury trials are favored in civil litigations in this country, reasoned that several factors combined to make a jury incapable of rendering a fair decision. For instance, the Court feared that a jury selected to hear the case would not be a fair cross-section of the community at large because the estimated trial time, four to six months, would be a reasonable basis for excusing prospective jurors from serving if they believed that service for that length of time would impair their employment.

Here, however, the attorneys have estimated that a trial on the issue of liability would last from six to eight weeks; not an unusually long period of time for securities fraud cases in the Southern District of New York. Then, too, unlike the situation in the *Boise Cascade* litigation, there is no indication that certain judicial tools available to the Court, such as access to daily transcripts, admission of deposition testimony into evidence rather than selective readings to the jury, and periodic review of selected portions of testimony, would make the Court a superior trier of fact. In the *Boise Cascade* litigation, the sheer number of marked documents alone weighed against the advisability of trial by jury.

■ Moreover, even after a trial by jury, Arthur Young and the other defendants would still have recourse to move for relief pursuant to Fed.R.Civ.P. 50 and 59 in the event the jury's verdict is clearly erroneous. *See Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir. 1970); *see, e. g., Brady v. Southern Railway Company*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 88 L.Ed. 239 (1943); *O'Connor v. Pennsylvania Railroad Company*, 308 F.2d 911, 914–15 (2d Cir. 1962); *see also* 5A Moore's Federal Practice ¶ 50.07[2] (2d ed. 1975); 6A Moore's, *supra* at ¶ 59.08 (2d ed. 1974).

Since the arguments presented by Arthur Young do not appear to sustain the contention that this case is beyond the practical abilities or capabilities of a jury, the Court will not interfere with plaintiffs' demand for a jury trial and, accordingly, will deny Arthur Young's motion to quash the jury demand.

■ Similarly, the Court finds no apparent reason to direct, at this time, that the case be tried to a jury in one continuous proceeding. Pretrial discovery has been conducted under the supervision of a magistrate on the liability issues only. The ques-

tion of damages and claims of individual class members may await a jury verdict on liability as outlined in plaintiffs' pretrial order. In the event that it appears that a bifurcation of the trial is working a hardship on Arthur Young's claim to possible indemnification or contribution, *see State Mutual Life Insurance Co. v. Arthur Andersen & Co.*, 63 F.R.D. 389 (S.D.N.Y.1974), the Court may take the necessary steps to avoid any prejudice. *See Reading Industries, Inc. v. Kennecott Copper Corporation*, 61 F.R.D. 662, 665 (S.D.N.Y.1974).

Accordingly, defendant Arthur Young's motion to direct that this action be tried to a jury in one continuous proceeding is denied.

Settle Order on Notice.

