**Earl M. CRANSTON, Plaintiff,**

**v.**

**J. Hugo ARONSON, Sam W. Mitchell, Mary M. Condon and Arnold H. Olson, Governor, Secretary of State, Superintendent of Public Instruction, and Attorney General, respectively, of the State of Montana, composing the State Board of Land Commissioners of the State of Montana, Defendants.**

**No. 618.**

United States District Court
D. Montana, Helena Division.
June 25, 1953.

Ralph J. Anderson, Helena, Mont., for plaintiff.

Arnold H. Olson, Atty. Gen., Wm. F. Crowley, Asst. Atty. Gen., State of Montana, for defendants.

MURRAY, District Judge.

This is an action brought by the plaintiff against the defendants, as the State Board of Land Commissioners of the State of Montana, in which the plaintiff asks the Court to render a declaratory judgment that Chapter 122, Laws of Montana 1953, does not violate or contravene the Enabling Act of the State of Montana, as amended, and that the Enabling Act, as amended, authorizes the State of Montana to issue leases of its public school lands in accordance with the provisions of Section 1, Chapter 122, Laws of Montana 1953. The plaintiff also seeks an injunction enjoining the defendants from issuing oil and gas leases on public school lands in accordance with and pursuant to the provisions of Section 81–1702, Revised Codes of Montana 1947, as that Section stood prior to its amendment by Section 1 of Chapter 122, Laws of Montana 1953, and directing defendants to issue oil and gas leases on said lands in accordance with the provisions of the latter section.

By the Enabling Act, the United States granted to the State of Montana certain sections of land throughout the state for the support of the common schools of the state. Section 11 of the original Enabling Act provided that such lands could be leased under such regulations as the Legislature should prescribe, except that mineral leases, including oil and gas leases, could be issued only for periods not in excess of 20 years. Section 81–1702, R.C.M.1947, pursuant to said provision of the Enabling Act, provided that "all leases issued hereunder shall be granted for a period not exceeding ten (10) years and as long thereafter during the term of twenty (20) years commencing with the date of such lease or leases, as oil or gas * * * shall be produced from the land covered thereby".

On April 13, 1948, Congress passed an amendment to Section 11 of the Enabling Act, Ch. 183, 62 Stat. at Large 170, which provided in part as follows: " 'Leases for the production of minerals, including leases for exploration for oil, gas, and other hydrocarbons and the extraction thereof, shall be for such term of years and on such conditions as may be from time to time provided by the legislatures of the respective states' ". This amendment of the Enabling Act was accepted by the State of Montana by Chapter 18, Laws of 1949.

In 1953, the Montana Legislature passed a law amending former Section 81–1702 of the Revised Codes of Montana 1947, and which amendment provided as follows with respect to the term of oil and gas leases on State school lands: "All leases issued hereunder shall be granted for a primary term or period of ten (10) years, and as long thereafter as oil or gas in paying quantities shall be produced thereunder; * * *". This amendment is contained in Chapter 122 of the Laws of Montana 1953.

In his complaint plaintiff alleges that all of Section 36, Township 20 North, Range 52 East, M.P.M., being in Dawson County, Montana, was part of the land granted by the federal government to the State of Montana for support of the public schools; that on or about March 3, 1953, plaintiff filed with the State Board of Land Commissioners his application for an oil and gas lease of said land under the provisions of Chapter 17, Title 81, R.C.M.1947, as amended by Chapter 122, Laws of Montana 1953, and filed the required deposit with said application. Plaintiff further alleges that upon request of the State Board of Land Commissioners, the Attorney General of the State of Montana issued an opinion that Chapter 122, Laws of Montana 1953, was invalid and unconstitutional for the reason that it violated and contravened the Enabling Act; that the said State Board of Land Commissioners "accepted" said opinion of the Attorney General and proposed to issue oil and gas leases of State lands

for the term provided in Section 81-1702, R.C.M.1947, as that section existed prior to its amendment by Chapter 122, Laws of Montana 1953, and not for the term prescribed by the latter Chapter. Plaintiff asked for the relief heretofore referred to.

The defendants moved to dismiss the complaint upon the following grounds.

"1. The complaint upon the face thereof discloses that the court lacks jurisdiction of the subject matter.

"2. The complaint upon the face thereof discloses that the court has no jurisdiction for the reason that the action is between citizens of the same state and presents for determination no question arising under the Constitution or laws of the United States or otherwise within the jurisdiction of the federal district courts.

"3. The court lacks jurisdiction because the amount actually in controversy is less than three thousand dollars ($3,000.00) exclusive of interest and costs.

"4. The complaint fails to state a claim against defendants upon which relief can be granted."

With regard to the second ground of the motion, it is apparent, and conceded by all concerned, that this Court's jurisdiction, if any, must rest upon the ground that there is a federal question presented for determination, and it seems to the Court that this case must be disposed of upon that ground.

 It is to be noted first that the amendment to section 11 of the Enabling Act, the pertinent part of which is above quoted, created or vested no rights in the plaintiff or any other individual. That amendment merely conveys authority to the legislatures of the various states to dispose of the school lands and issue leases on such lands upon terms and conditions to be determined by those state legislatures. That amendment to the Enabling Act was passed by the Congress on April 13, 1948, and was accepted by the Montana Legislature by Chapter 18 of the Laws of Montana 1949, yet there is no contention and indeed could be none, that the plaintiff or any other individual had the right to a lease upon the terms plaintiff here claims to be entitled to, until the Montana Legislature moved again in 1953, and enacted Chapter 122 of the Laws of Montana 1953. So it is apparent that the right to a lease of state lands for the term plaintiff insists he is entitled to, is a right granted to him, not by the Enabling Act as amended, but by the Act of the Montana Legislature, Chapter 122 of the Laws of Montana 1953.

"In determining whether a suit arises under the Constitution or laws of the United States, the Federal nature of the right to be established is decisive, and a suit brought under a state statute does not arise under the Constitution or any act of Congress because prohibited or permitted thereby. *It is unimportant that Federal consent is the source of State Authority.* The most that can be said in such case is that a Federal question is lurking in the background, just as, further in the background, there lurks a question of Constitutional law. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the state courts and confer jurisdiction on a Federal Court." 54 Am.Jur. United States Courts, Sec. 50.

It seems the most that can be said in this case is that the Federal consent, as expressed in the amendment of the Enabling Act, is the source of the authority of the state to create the right granted by Chapter 122 of the 1953 Montana Laws. The Supreme Court of the United States said in Gully v. First National Bank, 299 U.S. 109 at page 116, 57 S.Ct. 96, at page 99, 81 L.Ed. 70:

"Here the right to be established is one created by the state. If that is so, it is unimportant that federal consent is the source of state authority. To reach the underlying

law we do not travel back so far. By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby. * * * With no greater reason can it be said to arise thereunder because permitted thereby."

■ For a further reason the motion to dismiss upon the ground that no Federal question is presented must be granted. Even if it should be conceded that plaintiff's complaint does raise an issue which will require in its determination an interpretation of the Federal Enabling Act, it is apparent that such issue is raised only by way of anticipating the defense which the State Land Commission will make to plaintiff's complaint. The real wrong of which plaintiff complains, and which he seeks to have righted in this action, is the refusal of the State Land Commission to grant him a lease for the term authorized by Chapter 122 of the Laws of Montana 1953. He alleges in his complaint that he applied for a lease under the terms of Chapter 122, and that the defendant Commission refuses to grant a lease upon those terms. Those allegations constitute the cause of action upon which plaintiff is suing. However, in attempting to raise a Federal question, the plaintiff in his complaint goes further and pleads the alleged reason why the Commission refuses to grant the lease for the term to which he claims to be entitled, the alleged reason being that Chapter 122 is unconstitutional and contravenes the Federal Enabling Act. The reason for the Commission's refusal is clearly a matter for the Commission to set up in defense of the action. In a trial of this case, all that plaintiff would have to prove in order to establish his cause of action would be his application for lease for the term authorized by Chapter 122 of the Laws of Montana 1953, and the Commission's refusal to grant the lease for such term. Proof of those facts would establish his case, and it would be unnecessary and im-proper for him to go further and prove the reasons for the refusal, and then try to show the reasons for the refusal are without merit. Boston and Montana Consolidated Copper & Silver Mining Co. v. Montana Ore Purchasing Co., 188 U. S. 632, 23 S.Ct. 434, 47 L.Ed. 626. A suggestion by one party that the opposing party will or may set up a claim or defense under the Constitution or laws of the United States, does not make the suit one arising under that Constitution or those laws. State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. See also Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, which is closely analogous on the facts to the instant case.

In view of the Court's finding that it is without jurisdiction in this cause, it is unnecessary to consider the motion to dismiss upon the other grounds stated therefor.

For the foregoing reason, it is ordered that the motion to dismiss be, and the same hereby is granted.