Mary **MARTINEZ**, Plaintiff,

v.

The **SOUTHERN UTE TRIBE OF THE SOUTHERN UTE RESERVATION**, a corporation, Samuel Burch, Julius Cloud, Virgil Red, Bonny Kent, John Baker and Sunshine C. Smith, as the Members of the Council of the Southern Ute Tribe of the Southern Ute Reservation, and James Canan, as Superintendent of the Consolidated Ute Agency, Defendants.

**Civ. A. No. 5104.**

United States District Court
D. Colorado.

March 29, 1957.

Donald E. Kelley, U. S. Atty. for the Dist. of Colorado, Denver, Colo., for defendant James Canan.

KNOUS, Chief Judge.

This matter stands upon the motion of the defendant Tribe and its council members to dismiss the Second Amended Complaint of plaintiff on the ground that this Court is without jurisdiction of the action as set forth in the complaint.

It is alleged in the complaint, as amended, that the plaintiff is the daughter of one John Green, who at the time of plaintiff's birth was a member of the defendant tribe, and further that the plaintiff, who is of one-half or more degree of Ute Indian blood, from her birth until some time in 1950, was recognized as a member of the defendant tribe, and that in 1950 she was unlawfully denied her membership and its attendant privileges in such tribe by the unlawful acts of the defendant members of the tribal council; by way of relief she seeks a declaration of her membership and an order that the defendants issue to her a certificate of membership. There being no diversity of citizenship, jurisdiction of the Court is based on 28 U.S.C.A. § 1331, in that it is alleged that the matter in controversy exceeds the sum or value of $3,000 and arises under the Constitution, laws or treaties of the United States.

The defendants' Motion to Dismiss sets forth numerous grounds, including the contention that the action is not one arising under the Constitution, laws or treaties of the United States, and inasmuch as the Court is of the opinion that such contention is well taken, it is unnecessary to allude to any of the other contentions advanced in the Motion.

 It is stated in the brief of the plaintiff, submitted in opposition to the instant Motion, that

"It is apparent that the basic purpose of this action is to obtain a declaration that the plaintiff is a member of the defendant corporation."

Thus, to sustain jurisdiction, it must be shown that the right of plaintiff to mem-

Lewis M. Perkins and Howell W. Cobb, Durango, Colo., and Bentley M. McMullin, Aurora, Colo., for plaintiff.

McKelvey & McKelvey, Durango, Colo., for the Southern Ute Tribe of the Southern Ute Reservation, a corporation, Samuel Burch, Julius Cloud, Virgil Red, Bonny Kent, Carl Baker, and Sunshine C. Smith as the Members of the Council of the Southern Ute Tribe of the Southern Ute Reservation.

bership in the defendant tribe, a corporation, is found in or based upon the Constitution, laws or treaties of the United States.

By Act of June 18, 1934, 48 Stat. 984, as amended by Act of June 15, 1935, 49 Stat. 378, 25 U.S.C.A. §§ 478–478b, any Indian tribe residing on the same reservation was given the right to organize for its common welfare and to adopt an appropriate constitution and bylaws to be approved by the Secretary of the Interior, who upon petition of a requisite number of Indians could issue a charter of incorporation.

The defendant, Southern Ute Tribe of the Southern Ute Reservation ratified its Constitution and bylaws on September 12, 1936, and the Secretary of the Interior approved the same on November 4, 1936. Thereafter, and on July 11, 1938, the Secretary submitted to the Tribe for its ratification a Charter of Incorporation. On November 1, 1938, the tribe duly ratified and adopted the Charter.

Section 3 of this Corporate Charter provides as follows:

"The Southern Ute Tribe shall be a membership corporation. Its members shall consist of all persons now or hereafter members of the Tribe, as provided by its duly ratified and approved Constitution and Bylaws."

Article II of the Constitution and By-laws of the Tribe provides as follows:

"Membership

"Section 1. The membership of the Southern Ute Tribe of the Southern Ute Reservation shall consist of the following:

"(a) All persons duly enrolled on the 1935 census of the Southern Ute Reservation; *Provided,* That rights of participation shall depend upon the establishment of legal residence upon the reservation;

"(b) All children of members, if such children shall be of ½ or more degree of Ute Indian blood.

"Section 2. The Council shall have power to pass ordinances, subject to the approval of the Secretary of the Interior, covering the adoption of new members.

"Section 3. No person shall be adopted into the Southern Ute Tribe unless he is of Indian blood and has resided upon the reservation for a probationary period to be determined by the Council."

In Gully v. First National Bank, 1936, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, some of the tests of a federal question were set forth as follows:

"* * * To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * *, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal * * *."

See also Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194; National Mutual Ins. Co. of Dist. of Col. v. Tidewater Transfer Co., 1949, 337 U.S. 582, 597–598, 69 S.Ct. 1173, 93 L.Ed. 1556; Peyton v. Railway Express Agency, 1942, 316 U.S. 350, 353, 62 S.Ct. 1171, 86 L.Ed. 1525; Porter v. Bennison, 10 Cir., 1950, 180 F.2d 523, 525; Oldland v. Gray, 10 Cir., 1950, 179 F.2d 408, 412; Andersen v. Bingham & G. Ry. Co., 10 Cir., 1948, 169 F.2d 328, 330, 14 A.L.R.2d 987; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 1947, 158 F.2d 900, 907; State of Colo. ex rel. Land Acquisition Comm. v. American Machine and Foundry Com-

pany, D.C.Colo.1956, 143 F.Supp. 703. See also the exhaustive annotation in 12 A.L.R.2d 5, and 13 A.L.R.2d 390, 14 A.L.R.2d 992.

■ It is apparent that the instant action meets none of the tests set forth in the Gully case, supra, for the right of membership alleged by the plaintiff is not a right created by any constitution, law or treaty of the United States, but by the Constitution of the Southern Ute Tribe which precisely defines the Tribe's membership, and within which defined status the plaintiff, by her complaint alleges her inclusion. Certainly, the Tribe's Constitution cannot be classified as a law or treaty of the United States, and even if the corporate Charter be considered as falling in such category, it does not create any right of membership, but merely recognizes the status of membership as defined in the approved and existing Constitution. Nor can it be said that the relationship spanning nearly a century arising from the treaties between the United States and the Ute Indians, 15 Stat. 619, 18 Stat. 36, 21 Stat. 199 and 28 Stat. 677, the construction of none of which is directly involved herein, creates the necessary federal question for " * * * a suit having for its purpose the enforcement of a right which finds its origin in the laws of the United States is not necessarily and for that reason alone one arising under such laws." Andersen v. Bingham & G. Ry. Co., supra, at pp. 329–330 of 169 F.2d.

■■ It is next alleged that the acts of the council members in depriving the plaintiff of her membership in the Tribe was contrary to the due process clause of the Fifth Amendment to the United States Constitution. The Fifth Amendment is, of course, a limitation only on the Federal Government. Talton v. Mayes, 1896, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196; Corrigan v. Buckley, 1926, 271 U.S. 323, 46 S.Ct. 521, 70 L.Ed. 969; Public Utilities Commission of Dist. of Col. v. Pollak, 1952, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068. It was held by the United States Supreme Court in Talton v. Mayes, supra, that the powers of

local government exercised by the Cherokee nation are not controlled by the Fifth Amendment to the Constitution. This ruling was made on the ground that the autonomous nature of the Cherokee nation had always been recognized. At page 123, Handbook of Federal Indian Law, by Felix S. Cohen, the author states:

"The whole course of judicial decision on the nature of Indian tribal powers is marked by adherence to three fundamental principles: (1) An Indian tribe possesses, in the first instance, all the powers of any sovereign state. (2) Conquest renders the tribe subject to the legislative power of the United States and, in substance, terminates the external powers of sovereignty of the tribe, e.g., its power to enter into treaties with foreign nations, but does not by itself affect the internal sovereignty of the tribe, i.e., its powers of local self-government. (3) These powers are subject to qualification by treaties and by express legislation of Congress, but, save as thus expressly qualified, full powers of internal sovereignty are vested in the Indian tribes and in their duly constituted organs of government."

As to the autonomy of the defendant Tribe, suffice it to say that by its Charter of Incorporation the Tribe was created a body politic, and in the preamble to its approved Constitution it is set forth, that

"We, the Southern Ute Tribe of the Southern Ute Reservation, in Colorado, in order to exercise the rights of self-government, to administer our tribal affairs, to preserve and increase our tribal resources, do ordain and establish this Constitution."

From what has been said, it is hardly conceivable that the Tribe's council be deemed a mere arm or agency of the Federal Government to which the Fifth Amendment to the United States Constitution would apply.

480

Finally, it is alleged that the action arises under 25 U.S.C.A. §§ 463, 467, 476, 477, 479 and 676. A most casual reading of these sections indicates that the right of membership alleged by plaintiff cannot be based thereon. Section 463 authorizes the restoration of surplus lands in the reservations to tribal ownership; section 467 provides for a proclamation of new reservations with the proviso that additional lands to existing reservations shall be for enrolled member Indians on the reservation; section 476 is taken from § 16, 48 Stat. 987, heretofore mentioned, relating to the adoption by Indian tribes of a constitution and by-laws; section 477 is taken from § 17, 48 Stat. 987, heretofore mentioned, relating to incorporation of the tribes; section 479 is a definition of the term "Indian" as used in the sections of the Code enumerated therein; section 676 provides for the use of funds of the defendant Tribe. Thus, it is quite clear that none of the foregoing statutes create any right to membership in the Southern Ute Tribe to which the plaintiff is allegedly entitled. Great reliance is placed upon section 479 and its included definition of "Indian" as used in the enumerated sections. But it would seem elementary that a definition of the term "Indian" as used in a number of statutes which do not create any right to membership in the defendant Tribe, cannot of itself create any right to membership in the Tribe. The suit was not brought for the mere purpose of obtaining a declaration that the plaintiff is an "Indian."

As to the specific cases involving some aspect of what may be broadly referred to as Indian law cited and relied upon by the plaintiff to support her allegation of the presence of a federal question, Norton v. Larney, 1925, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Brown v. Stufflebean, 10 Cir., 1951, 187 F.2d 347; Creek Indians National Council v. Sinclair Prairie Oil Co., 10 Cir., 1944, 142 F.2d 842; Board of County Commissioners of Creek County, Okl. v. Seber, 10 Cir., 1942, 130 F.2d 663; Hanson v. Hoffman, 10 Cir., 1940, 113 F.2d 780; Jefferson v. Gypsy Oil Co., 8 Cir., 1928, 27 F.2d 304; and Jackson v. Gates Oil Co., 8 Cir., 1924, 297 F. 549, suffice it to say that none of them involved an action by which membership in a tribe was sought wherein the organic law of the tribe and not the laws of the United States defined the status of tribal membership, and hence are inapposite to this situation.

Thus, in the opinion of the Court, the right sought to be established by the plaintiff as set forth in her complaint is not a right created by the Constitution, laws or treaties of the United States, but solely by the terms of the Constitution of the Southern Ute Tribe and, therefore, this Court is without jurisdiction of the action. Accordingly, it is

Ordered and Adjudged that the defendants' Motion to Dismiss the plaintiff's Second Amended Complaint be, and the same is hereby granted, and the said action, amended complaint, and the claim therein asserted are dismissed.