ROYAL GORGE SCENIC RAILWAY COMPANY, a Colorado corporation, Plaintiff,

v.

CANON CITY, COLORADO, a municipal corporation, the Royal Gorge Company, a Texas corporation, and United States of America, Defendants.

Civ. A. No. 7660.

United States District Court
D. Colorado.

Dec. 14, 1962.

Williams, Erickson & Brown, Wayne D. Williams, Paul C. Brown, Denver, Colo., and John Stump Witcher, Canon City, Colo., for plaintiff.

Stinemeyer & Stinemeyer, Roger M. Breyfogle, Canon City, Colo., and Charles D. Bromley, Denver, Colo., for defendants Canon City and The Royal Gorge Co.

ARRAJ, Chief Judge.

This matter is before the Court on defendants' motion to dismiss the complaint on the ground that the Court does not have jurisdiction over the subject matter of this action.

The first claim for relief in this action is for the declaration and enforcement of rights arising under a purported license or permit received by the plaintiff, a Colorado corporation, from the defendant City of Canon City, a Colorado municipal corporation. The second claim is brought jointly and severally against defendant Royal Gorge Company, a Texas corporation, and defendant City of Canon City for alleged tortious interference with the plaintiff's contractual rights.

The complaint refers to an act of Congress approved in 1906, Chapter 3077, Acts of the 59th Congress, First Session (34 Stat., Part 1, pp. 238, 239), which ceded the Royal Gorge, a picturesque canyon located along the Arkansas River in Fremont County, Colorado, to defendant Canon City for park purposes; the grant placed authority to control the area, including the power to grant to others the right to maintain railways thereon, to the city council of Canon City. The Act also provides that if defendant Canon City attempts to alienate or encumber any portion of the premises, or to cease to care for the park for a pe-

riod of three years or more, title thereto would revest in the United States.

The plaintiff avers that it owns and operates a scenic railway which affords the general public an opportunity to ride to a point approximately 1200 feet from the north rim of the Royal Gorge. It is further alleged that the plaintiff and the officers of defendant City entered into negotiations to permit the plaintiff to extend its railway to the north rim of the canyon, and, shortly thereafter, these negotiations led to a contract which was accepted by resolution of the city council at a regular meeting on November 2, 1959; accordingly, the plaintiff contends that this action by the council created a license or permit in the plaintiff. In addition, the complaint indicates that, after the plaintiff had made certain expenditures in connection with the project, the council of defendant City purported to approve and adopt a subsequent resolution which rescinded its previous resolution in violation of the plaintiff's rights.

On the basis of the foregoing facts and allegations, the plaintiff maintains that the Court has jurisdiction to entertain this action as one arising under a federal statute, Chapter 3077, within the meaning of 28 U.S.C. § 1331. The defendants, on the other hand, dispute this and argue that any federal question involved herein does not substantially control the plaintiff's asserted rights in a manner which provides the Court with jurisdiction pursuant to Section 1331.

Characterization of an action as one arising under a federal statute for jurisdictional purposes has elvolved to a point of limited application under the tests laid down in Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; London, "Federal Question" Jurisdiction—A Snare and a Delusion, 57 Mich.L.Rev. 835 (1959). Decisions of the Court of Appeals for this Circuit and of this Court have, on several occasions, followed Gully in disposing of cases for lack of jurisdiction under Section 1331 where the federal nature of the case was merely incidental to the final disposition of the litigation. E. g., Andersen v. Bingham & Garfield Railway Company, 10 Cir., 1948, 169 F.2d 328, 14 A.L.R.2d 987; Kortz v. Ellingson, D.C.Colo.1960, 181 F.Supp. 857; Martinez v. Southern Ute Tribe, D.C.Colo. 1957, 151 F.Supp. 476; State of Colorado ex rel. Land Acquisition Comm. v. American Machine and Foundry Company, D.C.Colo.1956, 143 F.Supp. 703. See also Pudlik v. Public Service Company of Colorado, D.C.Colo.1958, 166 F. Supp. 921.

After viewing this action in the light cast by the judicial pronouncements in the above cited cases, it does not appear to this Court that the federal nature of the right asserted is substantial enough to afford jurisdiction under Section 1331. In arriving at this conclusion, the Court has considered, first, the initial principle laid down in Gully which suggests that whenever a right or an immunity is asserted as a basis for federal jurisdiction, it must not only be an essential element to the plaintiff's claim for relief, but it must be *created* by the Constitution or laws of the United States as well. Its genesis must be found in a federal source. Kortz v. Ellingson, supra, 181 F.Supp. at 859; Martinez v. Southern Ute Tribe, supra, 151 F.Supp. at 479.

In the instant case no rights were vested in the plaintiff by reason of Chapter 3077; it does not appear that the contract which underlies plaintiff's claim was created by or had its genesis in, or even finds express sanction from, any of the terms of Chapter 3077. Instead, the act merely granted to the city council of Canon City the power to grant to others the right to locate and maintain various improvements on the ceded area. The plaintiff's rights did not come into existence until the city council's power was exercised. The parties' rights and obligations flow from the contract itself. Therefore, the nature of the contract

which the council created is purely a local question for the courts of the State of Colorado; cf. Beck v. Miriani, 6 Cir., 1961, 293 F.2d 333. See also Hoadley v. City and County of San Francisco, 94 U.S. 4, 24 L.Ed. 34 (1876); Cranston v. Aronson et al., D.C.Mont.1953, 124 F. Supp. 453.

In this regard it is significant that the action in Gully involved an action brought by a state tax collector and was based upon a contract whereby the grantee of certain bank assets convenanted to pay the debts and liabilities of the grantor; among the debts thus assumed was money allegedly owed under tax assessments and for which the plaintiff demanded judgment. Jurisdiction was asserted on the ground that the power to lay a tax upon the shares of a national bank had its origin in the provisions of a federal statute. Turning to the nature of the action, Justice Cardozo declared, 299 U.S. at 114–115, 57 S.Ct. at 98:

> "1. The suit is built upon a contract which in point of obligation has its genesis in the law of Mississippi. A covenant for a valuable consideration to pay another's debts is valid and enforcible without reference to a federal law.  *  *  *  There is no necessary connection between the enforcement of such a contract according to its terms and the existence of a controversy arising under federal law.

> "2. The obligation of the contract being a creation of the state, the question remains whether the plaintiff counts upon a federal right in support of his claim that the contract has been broken."

The Court then found that the federal statute which permitted the state's taxation act was not an adequate foundation for federal jurisdiction.

Several other decisions have refused to sustain federal jurisdiction when the asserted rights were based essentially upon private contracts. E. g., Pan American Petroleum Corp. v. Superior Court of Delaware In and For New Castle County, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Adams v. International Brotherhood of Boilermakers, etc., 10 Cir., 1959, 262 F.2d 835; Oldland v. Gray, 10 Cir., 1950, 179 F.2d 408; State Automobile Ins. Ass'n v. Parry, 8 Cir., 1941, 123 F.2d 243. See also 12 A.L.R.2d 5, 26–28.

The plaintiff, in its brief, suggests that a *construction* of a federal statute is involved which will be dispositive of the action, thereby making the suit federal in nature although the plaintiff's rights themselves may spring from and be governed by local state law pertaining to contracts. In support of this general proposition, the plaintiff apparently depends upon King County, Wash. v. Seattle School District No. 1, 263 U.S. 361, 44 S.Ct. 127, 68 L.Ed. 339 (1923); Doolan v. Carr, 125 U.S. 618, 8 S.Ct. 1228, 31 L.Ed. 844 (1887), and Mudd v. Perry, 8 Cir., 1928, 25 F.2d 85, cert. den. 278 U.S. 601, 49 S.Ct. 9, 73 L.Ed. 529. However, we are convinced that these authorities cited by the plaintiff fail to afford a compelling basis upon which a determination of this matter should be made.

In the first place, the decisions upon which the plaintiff depends, unlike the present case, either involve rights which are the creatures of federal enactment or concern rights founded upon state law which, in turn, are expressly sanctioned or adopted by a federal statute. In view of the language in Gully, it is doubtful if the mere construction of a federal statute such as the one presently before the Court, which neither creates the asserted rights nor expressly sanctions or adopts the body of state law governing those rights, should provide a sufficient basis for federal jurisdiction.

The effect which the plaintiff gleans from its authorities is also greatly weakened by the fact that they were decided prior in time to the distinctive tests laid down in Gully for ascertaining whether an action arises under a federal act.

Consequently, the subsequent, and more detailed, restrictive expressions of Gully must be given predominant consideration by the Court in its determination of the question of jurisdiction.

In this connection, there is another significant reason for reaching the conclusion that jurisdiction, grounded on a construction of Chapter 3077, does not lie herein. One of the elementary considerations reviewed in Gully looks to the complaint alone, unaided by the answer or reply, in determining if jurisdiction is available, The basis of jurisdiction may not rest on allegations in the complaint which go beyond the essential statement of the plaintiff's claim for relief and anticipate a probable defense. Therefore, if the mere construction of a federal statute, where the asserted right or immunity is a creature of state law, is to provide the Court with jurisdiction, such construction must be a necessary step in determining if the plaintiff has adequately stated a claim in the first instance.

Applying the foregoing criteria to the instant case, it does not appear that a construction of Chapter 3077 is essential to the plaintiff's statement of its claim for relief. In order for the plaintiff to state a claim, it was merely required to allege facts which show the existence of the contract and a breach thereof. Although the plaintiff argues that a vital element to its right of recovery is a construction of Chapter 3077 to the effect that the city council of Canon City is an agent or trustee of the federal government to administer the ceded area, the authority or capacity of the *defendant* to enter into a contract appears to anticipate matter which is not essential to the *plaintiff's* initial statement of its claim for relief. Therefore, the complaint in this case fails to set forth an action arising under a federal statute within the meaning of Gully.

Finally, jurisdiction is not invoked by reason of the fact that the United States may have some reversionary interest in the land; Beck v. Miriani, supra.

For the reasons set forth above, it is

ORDERED that the defendants' motion to dismiss plaintiff's complaint on the ground that the Court does not have jurisdiction over the subject matter of the action be, and the same hereby is, granted.