**FREDERICK INNKEEPERS CORPORATION, a Maryland Corporation doing business in the State of Maryland,**

v.

**Adolph KRISCH, Joel Krisch, Rosalie Krisch Shaftman, and Oscar W. George.**

Civ. No. 15565.

United States District Court
D. Maryland.

June 15, 1964.

Robert E. Clapp, Jr., Frederick, Md., for plaintiff.

Melnicove, Asch, Greenberg & Kaufman, Mannes F. Greenberg, Joseph S. Kaufman, and Arnold M. Weiner, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Frederick Innkeepers Corporation (plaintiff) seeks remand of a case which it claims was improperly removed to this Court. The following facts appear from the pleadings and are not disputed.

Plaintiff, a Maryland corporation, is the owner of premises in Frederick County, Maryland, which it leased to Adolph Krisch, Joel Krisch, and Rosalie Krisch Shaftman, three of the defendants, citizens of Kentucky. The other defendant, Oscar W. George, a citizen of Maryland, is the manager of the motel which the Kentucky defendants operate on the leased property. On May 12, 1964, plaintiff filed with Bryan W. Thompson, a Justice of the Peace in and for Frederick County, a "Complaint In Forcible Detainer", in which it alleged: that the lessee defendants had breached certain covenants of the lease; that plaintiff had become entitled to and had demanded possession of the leased property from the defendant George, the other defendants not being present; that George, on behalf of the lessees refused; and now, "as agent for the said lessees and acting on their behalf, forcibly and unlawfully and with force and arms contrary to the Act of Assembly in such case provided and against the peace, government and dignity of the State, retains the possession of said premises." Plaintiff sought restitution of the premises, and caused a "summons to show cause" to be issued against all four defendants, and to be served on the defendant George. The three Kentucky defendants filed in this Court a petition for removal, based on diversity of citizenship, under 28 U.S. C.A. § 1441. George, the Maryland defendant, did not join in the petition.

Plaintiff has moved to remand, claiming: (1) lack of the requisite diversity; and (2) lack of a sufficient amount in controversy.

1. Complete diversity between the parties opposed in interest is a requisite of diversity jurisdiction. The applicable principles are well stated in Wright on Federal Courts (1963), p. 80, as follows:

"In determining whether such complete diversity exists, nominal or formal parties, who have no interest in the controversy, may be ignored. Thus an original action need not be dismissed if a party has inadvertently been joined who has no interest in

the controversy, and the fraudulent joinder of a defendant of the same citizenship will not defeat removal of an action.

"It is clear that the court may not disregard the citizenship of indispensable parties, and indeed it is sometimes said too loosely that only the citizenship of indispensable parties will be considered. This is not the rule. Even though a party is merely proper, as, for example, a joint tortfeasor, if he has in fact been joined his citizenship must be considered, although where the party is not indispensable it may be possible for plaintiff to have the action dismissed as to the co-citizen and thus perfect jurisdiction. Where proper parties are involved, rather than those who are indispensable or necessary, a large measure of choice in shaping the action is thus left to the plaintiff."

Again, op. cit., p. 88:

"A fraudulent joinder as defendant of a person against whom plaintiff has no bona fide claim, but who is a citizen of the same state as plaintiff, will not defeat removal. The joinder is not fraudulent within this rule, however, where plaintiff does have a claim against the co-citizen thus joined, even though this defendant may have no means with which to satisfy a judgment and may have been joined solely to prevent removal of the action."

The Kentucky defendants contend that George is a mere nominal, formal and unnecessary party and that his joinder was legally fraudulent. These contentions require a consideration of the nature of the State proceeding.

The complaint was filed under two British Statutes, 15 Richard II c. 2 and 8 Henry VI c. 9, both still in force in Maryland except as modified by Md. Code, 1957 ed., Art. 53, sec. 7. See Alexander's British Statutes, 196 and 188. The Maryland decisions hold that to succeed in such a case a plaintiff must show either a forcible entry and detainer, or a forcible detainer after the termination of a lease. Clark v. Vannort, 78 Md. 216, 219, 27 A. 982 (1893); Roth v. State, 89 Md. 524, 43 A. 769 (1899).

Plaintiff has alleged that defendant George, as agent for the lessees and acting on their behalf "forcibly and unlawfully and with force and arms" retains possession of the premises. If the facts alleged entitle plaintiff to maintain an action for forcible detainer against any of the defendants, they entitle plaintiff to maintain this action against George. If the facts alleged do not entitle plaintiff to maintain an action for forcible detainer, or if plaintiff fails to prove the facts alleged, a State Court, as well as a Federal Court, should deny relief. On neither assumption can it be said that George is a nominal or formal party. True, he is not a necessary or indispensable party, because plaintiff could have sued the other defendants without joining him. But, as Professor Wright pointed out, that is not the test in this case.[1] Plaintiff elected to sue George and, under the controlling principles quoted above, it had the right to do so unless his joinder was fraudulent.

The Kentucky defendants have not alleged nor offered to prove any facts showing fraudulent joinder. They offer to prove that George neither used nor threatened to use any force, and that he acted under the instructions of the lessees. But those facts are not sufficient to show fraudulent joinder. Plaintiff has alleged that force was used by George, as agent for the other defendants, and has not alleged that any force was used or

[1]. It may be important in determining whether an indispensable party was omitted by a plaintiff from an original complaint filed in a Federal Court, in an attempt to create diversity jurisdiction where none exists. Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954); Aponte v. American Surety Company of New York, 1 Cir., 276 F.2d 678 (1960); Federal Practice and Procedure, Barron and Holtzoff, Wright ed., Vol. 2, sec. 512.

threatened by anyone else. Under those circumstances it cannot be said that the facts which defendants have offered to prove would show that the joinder of George was fraudulent. Those facts may show no liability on the part of any defendant, but that is the question to be decided at the trial on the merits. George is a proper party, and his common citizenship with plaintiff defeats the right of the other defendants to remove. No separate or independent claim or cause of action is alleged. 28 U.S.C.A. § 1441(c).

2. It is unnecessary to rule on plaintiff's point with respect to the amount in controversy.

### Order

The case is hereby remanded to the State tribunal from which it was removed.