**INTERSTATE BAKERIES CORPORA·
TION, a corporation, Plaintiff,**

v.

**McKEE BAKING COMPANY, a corpora·
tion, et al., Defendants.**

Civ. A. No. 15339-3.

United States District Court
W. D. Missouri, W. D.

Dec. 15, 1965.

Keith P. Bondurant, Kansas City, Mo., E. C. Vandenburgh and Howard H. Darbo, of Darbo, Robertson & Vandenburgh, Arlington Heights, Ill., for plaintiff.

Robert D. Hovey, Warren N. Williams, and Donald E. Johnson, of Hovey, Schmidt, Johnson & Hovey, Kansas City, Mo., Jac Chambliss, of Chambliss, Chambliss & Hodge, Lamont Johnston, Chattanooga, Tenn., for defendants.

BECKER, Chief Judge.

This civil action for damages, injunction and accounting under the common law of Missouri and under Section 1125 (a), Title 15, U.S.C.A. (Lanham Trade-Mark Act), alleging unfair competition, trade-mark infringement and false designations of origin, was originally filed in the Circuit Court of Jackson County, Missouri. The petition contains only one count, entitled "Petition in Equity".

The plaintiff, Interstate Bakeries Corporation, is a Delaware corporation with its principal place of business in Kansas City, Missouri. The defendants are McKee Baking Company ("McKee" hereinafter), a Tennessee corporation with its principal place of business at Collegedale, Tennessee, and James C. Hegarty ("Hegarty" hereinafter), a domiciled resident citizen of Jackson County, Missouri.

Briefly summarized, the facts alleged in plaintiff's petition for damages and other relief are that defendant McKee manufactures and transports in interstate commerce bakery products that are sold in Jackson County, Missouri; that the design of the wrappers of those products infringes on a trade-mark of plaintiff; that the trade-mark infringement constitutes unfair competition; that the design of the wrappers of those products is a false designation of origin in violation of the Lanham Trade-Mark Act, supra; that defendant Hegarty is a wholesale distributor of those products in Jackson County, Missouri, who causes those products to be transported in interstate commerce in violation of the Lanham Trade-Mark Act, supra. Plaintiff alleges joint liability of the defendants.

The petition for removal, filed by defendant McKee only, asserted diversity of citizenship as the sole ground for removal. Plaintiff has moved for remand of this cause for failure of both defendants to join in the removal petition.

As a general rule, whether the ground for removal is diversity of citizenship under Section 1332 (all statutes cited herein, unless otherwise designated,

are contained in Title 28, U.S.C.A.) or that the action is founded on a claim of right arising under the laws of the United States under Section 1331, all defendants must join in the petition for removal. 1A Moore, Federal Practice ¶ 0.-161[1], p. 522, n. 10, and ¶ 0.160, p. 479, n. 31.

It is not material to this ruling that defendant McKee failed to base its petition upon Section 1331 as well as Section 1332 because, in any event, both defendants should have joined in the removal petition as pointed out herein. But on the question of failure to set out in the removal petition an existing ground of removal, see 1A Moore, Federal Practice ¶ 0.168[3.—4], p. 1201. It should be noted, however, that this cause could have been properly removed under Section 1441(b) without regard to diversity of citizenship if both defendants had joined in a petition for removal based upon Section 1331. See Section 1121, Title 15, U.S.C.A.

Defendant McKee seeks to avoid the remand of this case for failure of defendant Hegarty to join in the removal petition. It is stated in the removal petition, and restated in defendant McKee's brief on the motion to remand, that defendant Hegarty "is only a formal party without any interest in the action and against whom no substantial relief is sought or can be granted". In support of this statement, the following appears at pages 4–7 of defendant McKee's brief:

"This question is covered in The Law of Unfair Competition and Trade-Marks, by Rudolf Callman, Second Edition, Vo. 4, Section 87.2 (a), page 1766–1768, which is quoted here:

'87.2 The Defendant.

'87.2(a). In General.

'Any participant in the unfair competition may be named as a defendant. The defendant may be a company which is only "a legal fiction" used to aid another in carrying out a fraudulent plan, an individual who conceals his own

relationship with a company, a company that organized another as its aid, or one who did only part of the job.

'Because unfair competition is a tort, all who participate in it are answerable as principals, and as such, may be sued jointly or severally. The plaintiff can proceed against all as joint tort-feasors, against any one or any number of them, and he can enforce his remedy regardless of participation by the others; thus, a plaintiff may sue dealers or distributors if he cannot obtain jurisdiction over the manufacturer. The plaintiff may also join as defendants persons whose liability may differ; thus, he may join the competitor with the printer of the tortious labels or advertising matter; he may join the competitor and the Secretary of State who was misled into recording an unlawful trademark. A class suit against businessmen, e. g., the members of an institution like a Chamber of Commerce or a trade association, is possible if there is a common or general interest among the defendants and their number is so large that it would be impracticable to bring them all before the court

'It is unfair competition to initiate a suit solely for the purpose of interfering with the defendant's business operations. If possible, the plaintiff should sue the unfair competitor, and not his customers, dealers or distributors. A suit against the latter groups might be purposed at deterring them and destroying a rival's trade. The defendant should not be compelled to defend suits against his suppliers, and the suit should not be spread over several jurisdictions. The rule announced in patent cases, is a general equity rule in the interest of public policy "that litigation for the purpose of ascertaining and sustaining alleged rights of a patentee or manufacturer should be brought against the alleged wrongful manufacturer, and that suits against the latter's customers for the same relief should be restrained until the original suit shall be determined." ' " (Footnotes omitted.)

■ Formal parties may be disregarded when removing an action on the ground of diversity of citizenship, but a proper party must be considered. 1A Moore, Federal Practice ¶ 0.161[1], p. 523, n. 15, and ¶ 0.168[3.—2], pp. 1171–72.

■ The quotation from Callman, supra, demonstrates that defendant Hegarty is a proper party defendant. The joinder of defendant Hegarty by plaintiff, viewed in light of Callman's comment, supra, may not be the better practice, but on a motion for remand it is not the function of this Court to make such a determination. To avoid remand of this cause, defendant McKee would have had to allege with particularity and prove with certainty the *fraudulent* joinder of defendant Hegarty by plaintiff. 1A Moore, Federal Practice ¶ 0.161[2], pp. 530–34. Fraudulent joinder of Hegarty was not asserted in the petition for removal.

For the reasons stated above, plaintiff's motion to remand was granted and this cause has been remanded to the Circuit Court of Jackson County, Missouri, by order of this Court dated June 30, 1965, filed July 12, 1965.