The URBAN RENEWAL AUTHORITY
OF the CITY OF TRINIDAD,
COLORADO, Petitioner,

v.

Arthur C. DAUGHERTY and Sylvia
Daugherty and Gilbert Maes, Treasurer
of Las Animas County, Colorado, Respondents.

The URBAN RENEWAL AUTHORITY
OF the CITY OF TRINIDAD,
COLORADO, Petitioner,

v.

W. G. and Mary H. LILLESTON, Gilbert
Maes, Treasurer of the County of Las
Animas, Mark Argo, and First National
Bank of Englewood, Colorado, Respondents.

Civil Nos. 67-C-211, 67-C-212.

United States District Court
D. Colorado.

Aug. 10, 1967.

O. F. Adams, Adams & Sayre, Trinidad, Colo., for petitioner.

Bernard E. Schilt, Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The above-captioned cases are before the Court on the motions of Respondents to remand to the District Court in and for the District of Las Animas County, Colorado. Inasmuch as both cases involve identical issues, they are consolidated for the purpose of this disposition. The question that we are called upon to decide is whether this Court has federal question jurisdiction in the premises.

It is conceded by all the parties that there is no jurisdiction based on diversity of citizenship. The claim is that this Court has jurisdiction because of the contention of Respondents in each case that their constitutional rights have been violated—that their property is being taken contrary to the Fourteenth Amendment. They say that we have jurisdiction under 28 U.S.C. 1441(b).

In Civil Action 67–C–211, Arthur C. and Sylvia Daugherty are the owners of certain property located in Trinidad, Colorado. The Urban Renewal Authority of Trinidad, a Colorado corporation organized under the Colorado Urban Renewal Act, C.R.S. 1963, 139–62, seeks to condemn the property of the Daughertys pursuant to the laws of the State of Colo-

rado. The allegation is that this property is a blighted area located within the boundary of the Trinidad Junior College project and further that the property is needed to eliminate and prevent the spread of slum and blight and for the purpose of redevelopment and rehabilitation of the area. The Daughertys petition to remove the cause to this Court on the ground that they are being denied their property without the process of law and contrary to the equal protection clause. They assert that the authority seeks to condemn their property for a private use and that the payment tendered is inadequate and unjust. They further allege that the Authority is illegally organized and lacking in authority to condemn their land. Other allegations are that the declaration that the area is slum and blighted was made in bad faith and further that the effort is one on the part of a group of private persons to turn it to other private persons for profit. Other allegations unimportant to this determination are also included in the Answer of the Defendants or in their petitions for removal.

In 67–C–212 the Respondents are Mark Argo and Mary H. and W. G. Lilleston and the assertions of fact and of law are substantially similar to those that are set forth in 67–C–211. The Clerk and Recorder of Las Animas County is also named in each of the actions but he is a nominal party only.

■ One obstacle to removal in 212 is that not all of the defendants named in the original Complaint have joined in the removal petitions. This is of course essential.[1] Formal or nominal parties are an exception to this principle.[2] An-

other recognized exception permits removal without unanimous joinder where the claims are separate and independent.[3] Since the Defendant Mark Argo has not joined in the petition to remove and since he is more than a mere formal or nominal party, this petition is defective on this ground. The absence of the Clerk and Recorder who is a formal party and thus dispensable is not fatal. Nor can it be said that the Lillestons' claim is separate and independent so as to permit them to remove in the absence of Argo who is a record title holder.

■■ A more serious deficiency, indeed one which is fatal to both cases, is the failure of the *Complaint* to describe a federal question. The general rule is that the action does not arise under federal law within the meaning of the removal statute if the federal question enters into the case only by way of defense. This has been settled law since the decisions of the Supreme Court in Metcalf v. City of Watertown, 128 U.S. 586, 9 S. Ct. 173, 32 L.Ed. 543 (1888); State of Tennessee v. Union and Planters Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). This principle has been consistently observed up to and including the present time. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Martinez v. Southern Ute Tribe, 10th Cir. 1959, 273 F.2d 731, cert. denied 363 U.S. 847, 80 S.Ct. 1623, 4 L.Ed.2d 1730; Mosher v. City of Boulder, Colorado, D.C.Colo.1964, 225 F.Supp. 32. Moreover, matters pleaded by the plaintiff in anticipation of federal defenses are not to be considered in determining whether a federal question is presented. See Gully v. First National Bank in Meridian, 299 U.S. 109,

1. Interstate Bakeries Corporation v. McKee Baking Company, W.D.Mo.W.D.1965, 248 F.Supp. 946; Moosbrugger v. McGraw-Edison Company, D.Minn.1963, 215 F.Supp. 486; Norwich Realty Corp. v. United States Fire Ins. Co., D.Conn.1963, 218 F.Supp. 484; 1A Moore's Federal Practice ¶ 0.161 [1]; 1 Barron & Holtzoff, Federal Practice and Procedure § 107.

2. Stonybrook Tenants Ass'n Inc. v. Alpert, D.Conn.1961, 194 F.Supp. 552; Rodriguez

v. Union Oil Co. of California, D.Cal. 1954, 121 F.Supp. 824; 1A Moore's Federal Practice ¶ 0.161 [1].

3. 28 U.S.C. § 1441(c); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534 (19), 95 L.Ed. 702, 19 A. L.R.2d 738; Denver United States National Bank v. Rippey, D.Colo.1966, 260 F.Supp. 717.

57 S.Ct. 96, 81 L.Ed. 70 (1936). See also State of Tennessee v. Union and Planters Bank, supra.

■ The philosophy of this doctrine is to allow the plaintiff to select the state court if he wishes to do so. See Great Northern Railway Co. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Indeed, he may ignore the federal question and describe his claim in terms of state law if he wishes to do so and the presence of a possible federal question does not justify removal, Peterson v. Brotherhood of Locomotive Firemen & Enginemen, 7th Cir. 1959, 272 F.2d 115. Pleadings subsequent to the Complaint will be considered in some exceptional circumstances, where, for example, the claim alleged is essentially federal, although not characterized by the plaintiff as such. This and other exceptions are discussed in Moore's Federal Practice, Sec. 0.160, pages 474–76. None of these are applicable to the case at bar.

■ Even if it were to be concluded from a reading of the complaint that the exercise of eminent domain herein was arbitrary the case would not thereby acquire an exclusive federal character since the Constitution of Colorado, Section 15, Article 2, also protects against such action.

■ The state eminent domain power does not in and of itself give federal character to the case since it does not relate to the Constitution of the United States. Like any case it may prove to have a federal question but the presence of a potential federal question is not enough. The federal issue must be real, substantial, meritorious and not frivolous. It must also be as previously noted a part of the plaintiff's case. See Gully v. First National Bank in Meridian, supra. The Supreme Court has gone so far as to hold that a superfluous allegation of the taking of property, contrary to the Fourteenth Amendment, is to be disregarded in determining whether a federal court has jurisdiction of the case. See White v. Sparkill Realty Corp., 280 U.S. 500, 50 S.Ct. 186, 74 L.Ed. 578 (1930).

This Court has had occasion to consider the present problem or closely related ones on several occasions. In Mosher v. City of Boulder, Colorado, D. Colo.1964, 225 F.Supp. 32, it was held that an allegation that the plaintiff's property had been taken without just compensation contrary to the Constitution of the United States was not essential and that the cause actually arose under Article 2, Section 16 of the Constitution of Colorado. In State of Colo. ex rel. Land Acquisition Commission v. American Machine and Foundry Company, D.Colo.1956, 143 F.Supp. 703, a condemnation case was removed to this court from El Paso County, Colorado. The response of the defendant asserted that this court had jurisdiction under 28 U.S.C. §§ 1331, 1332; however, jurisdiction was refused under the doctrine of Gully v. First National Bank of Meridian, supra. The court (Per Judge Knous) concluded that the law of the case was state rather than federal. In Royal Gorge Scenic Railway Co. v. Canon City, Colorado, D.Colo.1962, 214 F. Supp. 613, the basis for the denial of jurisdiction was that the *complaint* failed to describe a case arising under federal law. This conclusion was reached notwithstanding that a federal statute was to some extent involved. The court said that the right did not arise under the federal statute.

There have been numerous decisions dealing specifically with state efforts to condemn property, and with an attempt by the defendant to inject a federal question. See Harrison-Halsted Com. Group v. Housing & Home Finance Agency, 7th Cir. 1962, 310 F.2d 99; Baber v. Texas Utilities Company, 5th Cir. 1956, 228 F. 2d 665, 666; Lavasek v. White, 10th Cir. 1964, 339 F.2d 861. In each instance the ruling was that no federal jurisdiction existed.

■ Thus, it can be concluded that the right to litigate constitutional federal questions in the Federal Courts is not absolute or unlimited. It extends to cases in which the constitutional issue is an essential and a substantial part of

the plaintiff's claim. This approach is consistent with the basic concept that federal courts are limited in jurisdiction and also with the concept that federal courts are reluctant to supersede the state tribunals and are disposed to abstain from the acceptance of jurisdiction except in the clearest of cases.

It is noted that in the cases at bar the question raised by the defendants is not a substantial federal question. In neither instance is an interpretation of the federal constitution essential to a determination of the rights sought by the petitions in condemnation. The reference in the responsive pleadings to the Fourteenth Amendment of the Constitution of the United States poses a possible question only. The state court is perfectly competent to hear and determine this together with the other issues raised by the pleadings. Accordingly, it is

Ordered that the Motions to Remand should be and the same are hereby granted. The Clerk is directed to remand each of the captioned cases to the District Court in and for the County of Las Animas, Colorado.