PURE MILK PRODUCTS CO-OPERA-
TIVE, Fond du Lac, Wisconsin, and As-
sociated Milk Producers, Inc., a Kansas
corporation, Plaintiffs,

v.

The NATIONAL FARMERS ORGANIZA-
TION, Corning, Iowa, et al.,
Defendants.

No. 71–C–467.

United States District Court,
E. D. Wisconsin.

Oct. 19, 1971.

St. Peter & Hauer by George St. Pe-
ter, Fond du Lac, Wis., for plaintiffs.

Bradway A. Liddle, Jr., Madison,
Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action seek to
enjoin the defendants from allegedly in-
terfering with milk marketing contracts
between the plaintiffs and their dairy
farmer members. The case originally
was brought in a state court and subse-
quently was removed to this court upon
the petition of the defendant National
Farmers Organization. The plaintiffs
since have moved to remand the action
pursuant to 28 U.S.C. § 1447.

Following removal, but prior to the
filing of the plaintiffs' motion to re-
mand, the defendants moved to stay all
proceedings pending a determination by
the Judicial Panel on Multidistrict Liti-
gation of a motion to transfer this ac-
tion to another federal district court.
In addition, the plaintiffs have moved
for an order declaring the defendants to

be in contempt for their alleged violation of a temporary restraining order issued by the state court. These motions have been held in abeyance pending the present decision on the plaintiffs' motion to remand.

The plaintiffs contend that this action was improvidently removed because of the absence of both a federal question and diversity of citizenship. In addition, they argue that the action was removed without the consent of all of the defendants. However, after the plaintiffs filed their motion to remand, the defendants who did not join in the petition for removal filed a "consent" to such removal, provided a federal question exists.

Three of the four defendants are citizens of Wisconsin; thus, removal would appear to be improper under 28 U.S.C. § 1441(b), which states that, in the absence of a federal question,

"* * * [an] action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In addition, the presence of both a Wisconsin plaintiff and the Wisconsin defendants would destroy the diversity of citizenship necessary for the exercise of this court's jurisdiction under 28 U.S.C. § 1332.

The defendants argue, however, that the three Wisconsin citizens are only "nominal and formal" parties and that since injunctive relief against the employer is sought, the employees are not indispensable by operation of Rule 65(d), Federal Rules of Civil Procedure. The plaintiffs counter with the contention that, even if the Wisconsin defendants are not indispensable parties, they are "necessary" or "proper" ones and that their status may be considered for purposes of determining whether this court has jurisdiction over the instant action.

The defendants do not suggest that the plaintiffs fraudulently joined the Wisconsin defendants in order to prevent removal. It has been held that the inclusion of formal or unnecessary parties is to be disregarded in passing upon a plaintiff's motion to remand. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924); Stonybrook Tenants Association v. Alpert, 194 F.Supp. 552 (D. C.Conn.1961).

There appears to be some conflict of authority as to whether "proper" or "necessary" parties should be considered in deciding whether a federal court has jurisdiction over a removed action. In Helms v. Ehe, 279 F.Supp. 132, 133 (S. D.Tex.1968), it is noted:

"There is a substantial line of relatively old authority holding that only indispensable parties are considered in determining if proper diversity jurisdiction exists for removal of a suit to a federal court. * * * [There] is recent authority which challenges the older cases which look only to the indispensable parties' citizenship. These recent cases advance the proposition that the real parties at interest, in determining if removal is proper, include indispensable, necessary and proper parties. Interstate Bakeries Corp. v. McKee Baking Co., 248 F. Supp. 946 (W.D.Mo.1965); Cole v. Continental Oil Co., 240 F.Supp. 642 (W.D.Okl.1965); Frederick Innkeepers Corp. v. Krisch, 230 F.Supp. 800 (D.Md.1964). The rule espoused by these cases finds support in two prominent treatises on federal procedure. See 1A Moore's Federal Practice 523, n. 15 (Rev.Ed.1961); 1 Barron and Holtzoff, Federal Practice and Procedure 476, n. 32, Pocket Supp., (Wright Ed.1960)."

The complaint in the case at bar alleges that the Wisconsin defendants are employees of the National Farmers Organization, and the plaintiffs appear to concede that such defendants are not "indispensable" parties. However, I believe that it is appropriate to consider, for removal purposes, the citizenship of necessary and proper parties, and that

the named Wisconsin defendants do have a substantial interest in the outcome of this action; thus, they are proper parties in the litigation. Notwithstanding the fact that an injunction against their employer undoubtedly will affect the individual defendants, the plaintiffs do not appear to be foreclosed from seeking relief against the defendants allegedly responsible for implementing their employer's policies. In the absence of fraudulent joinder, "a large measure of choice in shaping the action is * * * left to the plaintiff." Frederick Innkeepers Corp. v. Krisch, supra, 230 F. Supp. at page 802, quoting from Wright on Federal Courts § 29, at 80 (1963). Cf. Rule 20, Federal Rules of Civil Procedure. Thus, unless removal may be predicated upon the existence of a federal question, 28 U.S.C. § 1441(b) deprives this court of jurisdiction.

With reference to federal question jurisdiction, 28 U.S.C. § 1441(a) and (b) provides, in part:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants * * *.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * * * "

█ The complaint in the present action appears to state a claim for the tort of procuring a breach of contract. Wisconsin law recognizes a cause of action for wrongful interference with a contractual right. See Flood v. Margis, 322 F.Supp. 1086, 1092 (E.D.Wis.1971); § 185.43(2), Wis.Stats. (1969). However, the defendants argue that "Congress has pre-empted the field of agricultural marketing" under the provisions of the Agricultural Adjustment Act, 7 U.S.C. §

601 et seq., and that, in addition, 7 U. S.C. § 2305, cited by the plaintiffs, does not give "the state court the power to determine enforceability of cooperative contracts."

In Columbia Pictures Corp. v. Towne Theatre Corp., 282 F.Supp. 467, 469 (E. D.Wis.1968), this court stated:

"The court is not free to apply the arguments presented by the defendant in its petition for removal since the law is clear that the presence of a federal question *must* be found in the complaint unaided by the petition for removal."

Moreover, in Spring City Flying Service, Inc. v. Vogel, 281 F.Supp. 594, 595 (E.D.Wis.1968), this court said:

"For this court to have jurisdiction * * * a controversy under federal law must be present in the state complaint. It is not sufficient to give this court jurisdiction to have the federal question arise by way of defense, or even in anticipation of a defense. Robertson v. Eastern Air Lines, Inc., 221 F.Supp. 349, 351 (S.D.N.Y.1963)."

█ An action may be removed "where the real nature of the claim asserted * * * is federal, irrespective of whether it is so characterized or where the plaintiff inadvertently, mistakenly or fraudulently conceals the federal question * * *." 1A Moore's Federal Practice ¶ 0.160, at 474 (1965). Absent such considerations, however, if the plaintiff alleges a *state* action, he is entitled to have his case heard in the state court even though a different complaint could have been drawn to qualify for federal jurisdiction. Crow v. Wyoming Timber Products Co., 424 F.2d 93, 95 (10th Cir. 1970).

As already noted, the complaint in the case at bar appears to state a claim cognizable by the state court. No federal question is apparent on the face of the complaint, and I am not persuaded that the plaintiffs have deliberately concealed a federal question or that the federal court has exclusive or pre-emptive jurisdiction over this action.

The determination that the plaintiffs' motion to remand must be granted obviates the need to pass upon the parties' other motions now before this court.

Therefore, it is ordered that the plaintiffs' motion to remand this action to the Circuit Court of Fond du Lac County, Wisconsin, be and hereby is granted.